# Commonwealth *v.* Barille, Appellant.

*Criminal law—Murder—Dying declarations—Evidence—Appeal*
*—Charge—Failure to request instruction—General exceptions.*

1. In a homicide case, dying declarations of the deceased are properly admitted when it appears that they were made in a hospital, two hours before he died, while he was suffering from four bullet wounds in vital parts, and after he had been warned of approaching death by the attending physician.

2. In such case, the fact that deceased at the time expressed a desire to see another doctor, is not sufficient to exclude his declarations.

3. If it appears that defendant's statement on the stand substantially coincided with the dying declarations of decedent, a

verdict of guilty will not be set aside on appeal because the trial judge omitted mention of the dying declarations.

4. Such an omission is not a basic or fundamental error under the circumstances, and if counsel made no request for instructions on the subject, and took only a general exception to the charge, defendant is not in a position to complain.

*Criminal law — Murder—Evidence—Cross-examination—Physical demonstration—Discretion of court.*

5. The regulation of cross-examination is always a matter of discretion for the trial judge, particularly how far actual physical demonstrations may be allowed.

*Criminal law—Murder—Improper remark of district attorney— Objection by defendant—Withdrawal of juror—Twice in jeopardy rule—Appeal.*

6. Where in a murder trial a juror is withdrawn for the benefit and on the voluntary motion of the accused, he cannot subsequently invoke the twice-in-jeopardy rule.

7. While, at the request of defendant, a juror may validly be withdrawn in a capital case, his consent for such procedure must not be asked and will not bind him, if asked.

8. Where a plain breach of an established rule of law is committed by the prosecuting officer in a capital case it will, when properly excepted to, and assigned as error, be considered on appeal, even in the absence of a request to withdraw a juror and continue the case.

Argued April 11, 1921. Appeal, No. 313, Jan. T., 1921, by defendant, from judgment of O. & T. Luzerne Co., Feb. T., 1920, No. 179, on verdict of guilty of manslaughter, in case of Commonwealth v. James Barille. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of manslaughter upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions, recited in the opinion of the Supreme Court, quoting bills of exceptions.

*Frank L. Pinola,* with him *B. R. Jones,* for appellant.
—The court erred in admitting, as a dying declaration,
statements made by the deceased in the hospital in the
absence of defendant and the prerequisite in their ad-
mission as a dying declaration was not established:
Com. v. Bednorciki, 264 Pa. 124; Sullivan v. Com., 93
Pa. 284; Matherly v. Com., 19 S. W. (Ky.) 977.

If the court was satisfied in the first instance that de-
cedent's statements were admissible in evidence, then it
became the duty of the jury under proper instructions
from the court to pass upon these declarations: Com. v.
Winkelman, 12 Pa. Superior Ct. 497; Myers v. Com.,
83 Pa. 131; Com. v. Payne, 242 Pa. 394.

The court erred in refusing to permit counsel for de-
fendant to illustrate by the doctor, called by the Com-
monwealth as an expert, the means by which the de-
ceased could have been shot with a revolver in certain
positions.

The court erred in permitting the district attorney to
argue to the jury that the defendant fled on the night of
the killing and returned after he thought that a witness
for the Commonwealth had been "fixed": Com. v. Strie-
peke, 32 Pa. Superior Ct. 82.

*Arthur H. James,* District Attorney, with him *M. H.
Salsburg,* Assistant District Attorney, for appellee.—
Examination of the facts in this case shows that the re-
quirements of the rule as to dying declarations were
fully met and clearly justified the court in admitting the
testimony: Sullivan v. Com., 93 Pa. 284; Kilpatrick
v. Com., 31 Pa. 215; Com. v. De Leo, 242 Pa. 510; Com.
v. Latampa, 226 Pa. 23; Com. v. Winkleman, 12 Pa. Su-
perior Ct. 515.

The mere fact that deceased asked for a doctor is not
conclusive that declarations then made by him were not
made under a sense of impending dissolution: Baker v.
Com., 50 S. W. (Ky.) 54.

A party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the court would have corrected: Com. v. Pava, 268 Pa. 520; Com. v. Payne, 242 Pa. 394.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 9, 1921:

James Barille appeals from a sentence of imprisonment imposed upon him by the court below, on a verdict of manslaughter. The jury found defendant had killed one Louis Balone, in a barroom fight, which occurred December 23, 1919. Appellant prints only such parts of the testimony as counsel deem relevant to the assignments of error; and, so far as we can gather from these fragmentary notes, the killing was practically admitted, the defense being that, during a quarrel between Balone and a brother of Barille, deceased was accidentally shot while accused was endeavoring to disarm him. Be this as it may, all possible defenses which might arise out of the evidence were carefully submitted to the jury and found against defendant.

At trial, counsel for appellant objected to testimony offered by the Commonwealth, concerning what was alleged to be a dying declaration by Balone, on the ground that "the prerequisite to its admission as a dying declaration was not proved," in that it was not sufficiently shown deceased realized the fact of his approaching death. The statement in question was made by Balone, in the hospital, about two hours before he died, while suffering from four bullet wounds in vital parts, and after he had been warned of approaching death by the attending physician. The only thing depended on by appellant to show that the wounded man did not fully appreciate his condition at that time is a desire expressed by him to see another doctor. We are not convinced the court below erred in admitting the evidence in question.

Defendant complains that the jurors were not instructed upon the rules of law which should govern their consideration of the evidence offered to prove the dying declaration. During the course of his charge the trial judge stated: "Unless counsel on both sides want me to take the time to review the testimony of each witness, I prefer not [to do so]." No request was made for further reference to the testimony than the general outlines given by the court; and it is true the judge omitted mention of the dying declaration, which consists simply of a bare statement by Balone, when asked who shot him, that "Jimmie Barille take my gun off and shoot me"—nothing more. On the stand in his own defense, Barille did not deny the shooting, but accounted for it by saying, "I tried to take his gun off him to disarm him ......and the gun exploded." Thus it will be seen defendant's statement practically coincides with that made by the dying man, leaving it for the jury to say, from the other evidence in the case, whether the shooting was accidental or otherwise. The trial judge's omission to mention the dying declaration might be viewed as harmful to the Commonwealth, rather than defendant; but, under the circumstances, it cannot be held basic or fundamental error; and therefore, since appellant took only a general exception to the charge, he is not in a position to complain.

Defendant contends the trial judge erred in refusing to require a doctor, under cross-examination, who testified to the bullet wounds in the body of deceased, to demonstrate, by the use of a pistol, which figured in the homicide, how "the deceased could have been shot while holding the gun in certain positions." The regulation of cross-examination is always a matter of discretion for the trial judge, particularly how far actual physical demonstrations shall be allowed; we are not convinced of error in the ruling under consideration.

Finally, appellant assigns for error a remark of the district attorney, in his argument to the jury, to the

effect that a certain witness in the case had been "fixed." The court below thought the remark, as made, unobjectionable; however this may be, the assignment of error contains no request for the withdrawal of a juror, it simply showing objection overruled with exception granted. Counsel for appellant contend that, since this was a homicide case in which the Commonwealth urged a conviction in the first degree, defendant was not entitled to ask for the withdrawal of a juror, because, if granted, it would in effect acquit him, under the twice-in-jeopardy rule; but the answer to this is that, when a juror is withdrawn for the benefit, and on the voluntary motion, of the accused, he cannot subsequently invoke the rule in question, even in a capital case.

In Commonwealth v. Cook, 6 S. & R. 577, 579, Chief Justice TILGHMAN reviews the law on the subject in hand, saying: "There was an ancient tradition among the English lawyers, that a jury, charged in a capital case, could not be discharged without giving a verdict, even with the consent of the attorney general and the prisoner; this is laid down for law by Sir Edward Coke (1st Inst. 227 b. and 3 Inst. 110). It is doctrine altogether unreasonable; for why should not the jury be discharged, when it is desired by all parties interested in the verdict? Accordingly, we find that it could not stand, though supported by so great a name. Lord Coke cited a case in the Year Books (21 Edw. III), which, being thoroughly examined, was found not to support his opinion; the matter was fully discussed in the case of Kinlocks, Foster 22, and the law, in cases of consent, settled on a foundation too firm to be shaken. The Kinlocks having been indicted for treason, pleaded not guilty, and were put upon their trial. After the jury was sworn, they asked permission to withdraw their plea, in order to plead another matter of which they were advised they could not have the advantage on the general issue; leave was given, with the consent of the attorney general, and a juror withdrawn, after which,

their second plea being overruled, they were tried by another jury and convicted of high treason; they then moved in arrest of judgment, because the first jury had been discharged, but it was decided by nine judges against [one] WRIGHT (the only dissentient), that the discharge of the jury was legal, and judgment was pronounced against the prisoners. We may conclude, then, that in cases of consent, fairly given, where the prisoner is assisted by counsel, and the discharge of the jury is intended for his benefit, they may be discharged without giving a verdict": see also Peiffer v. Com., 15 Pa. 468, 470-71. In addition, several recent opinions of this court tacitly recognize that a juror may be withdrawn in a capital case (Com. v. Greason, 204 Pa. 64, 67; Com. v. Brown, 264 Pa. 85, 89; Com. v. Fiorentino, 266 Pa. 261); and in Com. v. Shoemaker, 240 Pa. 255, 260, where the charge was murder, we definitely state that "To have withdrawn a juror at the request of the defendant would not have prejudiced the Commonwealth's right to try the prisoner again on the indictment."

It must be remembered, however, that, while at the request of the defendant a juror may validly be withdrawn in a capital case, his consent to such procedure must not be asked and will not bind him if asked: Peiffer v. Com., 15 Pa. 468, 470-71.

Defendant, having failed to move for the withdrawal of a juror, is in no position to urge the remark here complained of as prejudicial error; but, in this connection, we must not be understood as ruling that, in a capital case, the request for the withdrawal of a juror is always an essential to the right of review; for, where a plain breach of an established rule of law is committed by the prosecuting officer, it will, when properly excepted to and assigned as error, be considered on appeal, even in the absence of such a request: Com. v. Green, 233 Pa. 291-2.

The assignments are overruled and the judgment is affirmed.