## Commonwealth *v.* Lovullo et al., Appellant.

*Criminal law—Larceny—Evidence—Sufficiency.*

In the trial of an indictment for larceny, the Commonwealth proved that the defendant had waited outside a clothing store while three women went in and stole five dresses. The four left the store together and were afterwards arrested in an automobile driven by the defendant. The three women pleaded guilty.

Under such circumstances a verdict of guilty will be sustained. The circumstances were such as required the submission to the jury of the question as to the defendant's connection with the larceny. There was sufficient evidence to draw the legitimate infer-

ence that he confederated with the women, had a guilty knowledge of the crime and was equally a principal, although not actually present at the commission of the crime. This was all that was required to fix the guilt upon him.

Argued March 9, 1925.   Appeal, No. 156, April T., 1925, by defendant, from judgment of Q. S. Erie Co., Sept. Sessions, 1924, No: 58, in the case of Commonwealth v. Michael Lovullo, Appellant, Mary Scribetta, Frances Grillo and Poncetta Turano.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*S. Y. Rossiter,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., April 28, 1925:

The appellant with three others were jointly indicted for the larceny of certain merchandise.   His co-defendants pleaded guilty and his trial followed.   There was testimony showing that the other defendants, who were three women, had gone to the Erie Belmont Shop and had stolen five dresses and a skirt; that the appellant was outside of the store in the vestibule.   The four left the vestibule together and were afterwards arrested as the automobile driven by the defendant stopped at a gasoline station.   There were twenty-one dresses found in the car including the five above mentioned.   Two of the

women were in the rear seat and one in the front. The woman in the front of the car had a dress in her lap and a hat, the rest of the goods were in the back of the car with the other women. They were not wrapped up and were still on the hangers from which they had been suspended in the stores and the tags were on. The circumstances were such as required a submission to the jury of the question of the defendant's connection with the larceny. There was sufficient to draw the legitimate inference that he confederated with the women, had a guilty knowledge of the crime and was equally a principal, although not actually present at the commission of the crime. This was all that was required to fix the guilt upon him: Com. v. Taylor, 78 Pa. Superior Ct. 386. The circumstances were such as would warrant the conclusion that there was a joint purpose actuating these parties and that he was a party to the crime. It was not necessary that he should be charged in the indictment as an accessory. As was stated in Com. v. Bradley, 16 Pa. Superior Ct. 561, 564: "In all cases of felony, therefore, the accessory is punished in the same manner precisely as the principal felon; and he may now be indicted either as a principal—that is he may be charged in the indictment with having actually committed the offense as principal in the first degree—or he may be indicted for a substantive felony, or he may be indicted as accessory with the principal, at the option of the prosecutor." See also Com. v. Heffelfinger, 82 Pa. Superior Ct. 351. We find no error in the admission of the testimony showing the actions of the three women. Certainly it was part of the Commonwealth's case to show that the three women were in the store and what they did before they joined the defendant. The Commonwealth necessarily had to prove the corpus delicti and the only way to prove it was to show that these women committed the crime with which they were charged and to prove defendant's connection therewith. One witness testified that he trailed the women from store to store. There may be doubt as

to the admissibility of this testimony.   The defendant was not with the women at this time, but the objection was made after the answer had been given and no motion was made to strike it out, but aside from this we do not regard the testimony as material.   The court in its charge definitely instructed the jury as to the charge of larceny.   All they were to consider was whether the defendant took part in the larceny of the dresses and the skirt of the Erie Belmont Shop.   He left it to the jury to ascertain whether defendant had aided or abetted in the commission of that particular crime.

All the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.