## Commonwealth *v.* Jones, Appellant.

*Criminal law—Intoxicating liquors—Transportation—Evidence—Sufficiency.*

On the trial of an indictment for unlawfully transporting intoxicating liquor the evidence established that the automobile in which defendant was riding had been stopped and searched near Butler, Pa., and 46 quarts of whiskey discovered concealed in the car. The driver, S., and defendant had traveled in the car from Detroit, Mich.,

to the point of arrest. S. pleaded guilty. Held that the circumstances themselves justified an inference by the jury that the defendant was either interested with S. in the transportation of the whiskey or was accompanying him to aid and abet in such transportation; and were sufficient to sustain a verdict of guilty.

In such case, an allegation that one of the defendants was merely a casual rider who did not know of the presence of the contraband liquor raised a question for the consideration of the jury as to the merits of such defense. The issue having been decided against the defendant a verdict of guilty will be sustained.

*Trials—Charge of court—Sufficiency.*

A trial judge should not be convicted of error, requiring a reversal of judgment, merely because the jury may be able to discover from the charge his views as to the weight and value of certain evidence.

Argued October 4, 1926, Appeal No. 56, April T., 1927, by defendant from judgment of Q. S. Butler County, June Sessions, 1926, No. 40, in the case of Commonwealth of Pennsylvania v. J. C. Jones. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for transportation of intoxicating liquor. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the charge of the Court.

*Rody P. Marshall,* of *R. P. & M. R. Marshall,* for Appellant.

*Thomas W. Watson,* District Attorney, for appellee.

OPINION BY KELLER, J., November 17, 1926:

The appellant, Jones, was indicted, along with one Shanley, for unlawfully transporting intoxicating liquors for beverage purposes. Shanley pleaded guilty. Jones was tried and convicted. On the trial it ap-

peared that both defendants were stopped by the State Police near the City of Butler, while riding in an automobile claimed to be owned by Shanley, and driven by him, and the vehicle was searched, disclosing forty-six quarts of whiskey concealed in the back of the car and a partly empty bottle of whiskey on the seat between the two men. Both men had traveled in the car from Detroit, Michigan, to the place of their arrest, but it was claimed on behalf of Jones that he was ignorant that any whiskey was in the car. Shanley testified he alone was in charge and control of the whiskey, which he was to deliver to a man in Carnegie, and that Jones accompanied him in the automobile as company and by way of getting a lift to his home in Washington, Pa. If this were true and Jones had no knowledge that whiskey was being unlawfully transported in the car, he was not guilty of the offense of which he stood charged and should have been acquitted. But the jury were not bound to believe either Jones or Shanley or both of them. They could infer from the undisputed evidence in the case, which established Jones's presence in the car from the time it left Detroit until it was stopped by the police, that he was either interested with Shanley in the transportation of the whiskey or was accompanying him to aid and abet him in such transportation. The circumstances themselves justified such inference without any oral testimony directly on the point. Hence we find no error in those portions of the trial judge's charge assigned for error in which he explained to the jury that the law made no distinction between the man who actually commits a crime and the man who encourages, aids or abets him in doing it; and that the latter was just as guilty as the former.

Nor do we think the charge as a whole was prejudicially argumentative or biased against or unfair to the defendant. It disclosed no effort or intention on the judge's part to control the action of the jury. A

trial judge should not be convicted of error, requiring a reversal of the judgment, merely because the jury may be able to discover from the charge his views as to the weight or value of certain evidence: Repsher v. Wattson, 17 Pa. 365; or his opinion as to the credibility of a witness: Price v. Hamscher, 174 Pa. 73; Leibig v. Steiner, 94 Pa. 466; provided they are reasonably supported by the evidence in the case: Burke v. Maxwell's Admr., 81 Pa. 139; Johnson v. Com., 115 Pa. 369, 396; and the jury are left free to make their own decision on the facts: Ditmars v. Com., 47 Pa. 335.

Nor was it improper, in our opinion, for the trial judge to refer to the appellant's failure to disclose, when asked, his previous acquaintance with Shanley and the relationship between the latter and Jones's wife. It bore on the candor and truthfulness of the defendant and was proper for the jury to consider in passing on his credibility: Com. v. Orr, 138 Pa. 276, 284.

The assignments of error are all overruled. The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.