## Commonwealth v. Greenplate et al.

*Larceny—Gambling machines—Accessory.*

1. One who aids and abets in the commission of larceny is as guilty as the one who took the goods.

2. A chattel kept for an unlawful purpose, such as a gambling machine, may be the subject of larceny.

3. One of three men who sat in an automobile, while the other two secured the stolen property, can be convicted of larceny.

Indictment and conviction for larceny. Rule for a new trial. Q. S. Lancaster Co., April Sess., 1926, No. 34.

*George T. Hambright* and *John E. Malone*, for rule.

*Paul A. Mueller, John M. Groff* and *Joseph B. Wissler*, District Attorney, contra.

LANDIS, P. J., Jan. 15, 1927.—The defendants were indicted for the larceny of two slot-machines, known as vending machines. Greenplate, Miller and Hogentogler were convicted and Maggie Raffensburger was acquitted. Miller and Hogentogler were sentenced and Greenplate filed reasons for a new trial.

Two objections are raised by Greenplate. The first is that, as the other two men went into Shortlidge's place of business and obtained the machines and then took them out to the automobile in which Greenplate was sitting, the latter cannot be convicted of the larceny.

As to this proposition, in the recent case of Com. *v.* Jones, 89 Pa. Superior Ct. 219, a conviction for illegal transportation of liquor was sustained where both defendant and the owner and driver of the car in which the liquor was concealed testified that defendant merely occupied the car as a guest and had no knowledge of the presence of the liquor. In the present case the defendants offered no evidence. Harold Strawbridge, a witness for the Commonwealth, testified that the three men were together in Shortlidge's pool-room and afterwards in the store; that Miller showed a badge and represented that he was an officer, which he was not; that he stated he would like to have the machines; that the three men came in together and Greenplate went out first. Strawbridge could not say whether or not Greenplate was in when the

demand was made for the machines. It was also testified by other witnesses that the machines were in the car with the men when the arrest was made, and that Greenplate was then at the wheel. A witness said that Greenplate pointed out the machines in the store and the other men took them, and when they were placed in the automobile, Greenplate was sitting in it. In the case of Com. v. Jones, 89 Pa. Superior Ct. 219, the Superior Court held that, under the evidence presented, it was proper for the trial judge to charge the jury "that one who aids and abets in the commission of a crime is as guilty as one who actually commits it." The same with equal force applies to the present case. Greenplate was aiding and assisting the other men in stealing the vending machines by pretending to be officers of the law, and he was properly convicted with them. In Com. v. Lovullo, 85 Pa. Superior Ct. 302, it was decided that, in a trial for larceny, one waiting on the outside can be convicted.

The second proposition is equally without merit. It is asserted that the slot-machines were gambling devices, and were, therefore, not the subject of larceny.

In Com. v. Kaiser, 80 Pa. Superior Ct. 26, it was said that "devices made for gambling and incapable of lawful use are not protected by the ordinary laws relating to personal property, and the owner has no standing to assert property rights in them." The question, however, there raised was the right of the sheriff, under the 59th section of the Act of March 31, 1860, P. L. 398, to seize and destroy such machines, even though the defendant had not been convicted, and it was held that he could seize them under the act with or without a warrant. There is, however, no case in this State which I have been able to find (and counsel for defendant state that their examination is productive of the same result) which decides that a defendant cannot steal a vending machine, even though it be a gambling device. Such a principle would result in carrying ownership to any one who could secure possession by fair or foul means. The legislature by this act of assembly surely did not intend to bring about such a chaotic condition.

The question has, however, been determined elsewhere. In 36 Corpus Juris pl. 42, page 747, it is said that: "In respect to intoxicating liquors, manufactured or kept for sale in contravention of prohibition statutes, it has generally been held that, notwithstanding the statute, such liquors are the subjects of larceny, and it has even been held that a provision of a statute that there shall be no property rights of any kind whatsoever in any liquors or implements kept or used for the purpose of violating any provision of the statute does not alter the inherent character of such articles as personal property or change the rule that their theft is larceny." On page 802, pl. 234, it is also said that: "In respect to gambling implements, convictions of grand larceny based upon the market value of such implements for lawful purposes, have been sustained."

Mr. Justice Myers, in delivering the opinion of the Supreme Court of Indiana in Smith v. State, 118 N. E. Repr. 954, said: "It has been held that larceny of gaming checks can be committed, although gaming is illegal (Bale v. State, 3 W. Va. 685), and that it is no defence to an indictment for stealing intoxicating liquors that the liquors stolen were kept for sale in violation of law: State v. May, 20 Iowa, 305; State v. Sego, 161 Iowa, 71; August v. State, 11 Ga. App. 798. In Osborne v. State, 115 Tenn. 717, . . . it is held to be 'well settled that a chattel kept for an unlawful purpose, such as intoxicating liquors kept for sale in violation of law, or gambling paraphernalia the possession of which is prohibited, may be the subject of larceny.'" See

Commonwealth v. Greenplate et al.

also, People v. Ward, 134 Calif. 301; Com. v. Cooper, 130 Mass. 285; Fears v. State, 102 Ga. 274; Averill v. Chadwick, 153 Mass. 171.

I see no grounds on which to sustain the reasons filed on behalf of the defendant, and they are, therefore, overruled, and the rule for a new trial is discharged. Rule discharged.      From George Ross Eshleman, Lancaster, Pa.