## Commonwealth *v.* Ferguson, Appellant.

200

Argued October 16, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Samuel J. Halpren,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY FINE, J., January 8, 1948:

Ira Ferguson was tried by a jury on two indictments charging him with larceny of chickens and found guilty. He appeals from the judgment of the court below dismissing his motion for a new trial (123 September Term 1946), contending: (1) there was no evidence of the *corpus delicti* independent of his admissions and confessions and, therefore, the trial judge erred in refusing his motion for a directed verdict, and (2) the trial judge erred in overruling his objections to the admission in evidence of statements and admissions by him at a time when no proof of the *corpus delicti* had been adduced.

Appellant was taken into custody by the Pennsylvania State Police on September 18, 1946. He subsequently admitted having stolen chickens "all over Lancaster County," and on September 23, 1946, he, accompanied by police officers, was taken from the Lancaster

County Jail and as they proceeded in an automobile along Philadelphia Pike, Lancaster County, he pointed out to the officers two separate farms where he had driven his brother-in-law's truck and from which he received stolen chickens. One David K. Zook, a farmer, was unaware of any theft until informed by the police after appellant's admission. The other, John Kauffman, testified that on the morning of August 2, 1946, he knew chickens had disappeared the night before; that he saw several sets of footprints leading from and to the road and chicken shelter; that there were chicken feathers strewn about the shelter; that there was evidence of bags having been set upon the ground immediately outside the shelter. L. F. Owens, a member of the State Police, corroborated Kauffman's evidence of the commission of a crime. Witnesses following Owens connected appellant with the theft.

Upon appellant's objection to the testimony regarding his admissions and his statements to the police, the trial judge held the objections under advisement and at the close of the case ruled the evidence was admissible. The defendant's statement was then read to the jury.

The *corpus delicti*, required in all criminal cases, is proven by (1) a showing of a specific loss or injury—in larceny, that personal property is missing, and (2) "somebody's criminality." *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A. 2d 401; *Commonwealth v. Chuing*, 150 Pa. Superior Ct. 445, 450, 28 A. 2d 710; *Commonwealth v. Amato*, 148 Pa. Superior Ct. 151, 154, 24 A. 2d 681; Wigmore, Evidence, 3rd Edition, section 2072. Proof of the accused's agency, while requisite to conviction, is not necessary to establish the *corpus delicti*. *Commonwealth v. Chuing*, supra. Here, the testimony of Kauffman, corroborated by Officer Owens, was amply sufficient to establish the loss of 80 chickens and the human agency in connection therewith—footprints in the mud; chicken feathers about the door of the shelter and evidence that burlap bags had been placed immediately

outside the shelter. Hence, there is abundant evidence that the *corpus delicti* was established by proofs in no way related to the statements made by the defendant to the police.

"The rule, attempted to be invoked by appellant, that an extra-judicial admission or confession of one accused of crime cannot be received in evidence unless and until the *corpus delicti* of the crime has first been established by independent proof, and that failure to comply with this prerequisite will exclude the admission or confession, is a familiar one": *Commonwealth v. Turza,* supra, 133, 134. That principle of law is well recognized but it is not applicable here. Although it is true the trial judge admitted some admissions and statements prior to proof of the *corpus delicti,* the Commonwealth contends the rule was satisfied by the subsequent testimony of Kauffman and Officer Owens, which position is entirely correct, as it is well settled that the order of proof is a matter within the discretion of the trial judge: *Commonwealth v. Lettrich,* 346 Pa. 497, 498, 31 A. 2d 155, 156; *Commonwealth v. Amato,* supra, 153.

Appellant's complaint that the court below erred in failing to charge the jury to disregard the appellant's admissions and confession until convinced that the *corpus delicti* had been shown by other evidence is without merit. Not only did the court below specifically so charge, but at the end of the charge appellant requested additional instructions, which were granted by the court below, that no unfavorable inference be drawn by the jury from the failure of the appellant to testify in his own behalf. If appellant desired additional instructions regarding the consideration of the confession it was appellant's duty to request them so as to afford an opportunity to the court below to rectify any alleged errors. An appellant may not sit idly by, take his chances on a verdict and later complain of errors in the charge of the trial judge which could easily be dispelled by a timely

request for additional and fuller instructions. *Commonwealth v. Morrison,* 193 Pa. 613, 626, 44 A. 913; *Commonwealth v. Barille,* 270 Pa. 388, 392, 113 A. 663; *Commonwealth v. Sabo,* 83 Pa. Superior Ct. 166, 171. "It may be added that, as appellant took only a general exception to the charge, he is not in a position to complain of mere inadequacies, lack of fulness at certain points, or failure to reiterate relevant principles in connection with named instructions when these were stated elsewhere in the charge; . . .": *Commonwealth v. Newman,* 276 Pa. 534, 541, 120 A. 474; See *Commonwealth v. State Loan Corporation,* 116 Pa. Superior Ct. 365, 372, 176 A. 516.

The record clearly establishes the guilt of the defendant beyond a reasonable doubt. We find no error in those portions of the charge wherein the court below explained to the jury that the law made no distinction between one who actually commits a crime and one who encourages, aids or abets him in the doing of it. Cf. *Commonwealth v. Jones,* 89 Pa. Superior Ct. 219, 221; *Commonwealth v. Lovullo,* 85 Pa. Superior Ct. 302; *Commonwealth v. Greenplate,* 9 Pa. D. & C. 629. Nor do we find any prejudicial error either in the admission of evidence or anywhere in the charge of the trial judge.

The assignments of error are overruled and judgment is affirmed.