## Commonwealth v. Keating

*John J. Collins*, for Commonwealth.

*William L. Goldman*, for defendant.

MONROE, J., July 17, 1968.—Defendant was tried before the court without a jury for violation of that section of The Vehicle Code of April 29, 1959, P. L. 58, which provides:

"It shall be unlawful for any person to commit any of the following acts:

" . . .

"(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked and before such

operating privilege has been reinstated": Section 624, 75 PS §624.

He was found guilty. Defendant has filed a motion for a new trial, assigning six reasons in support thereof. The first three assigned reasons are the stock ones, namely, that the verdict is contrary to the evidence, the weight of the evidence, and contrary to the law. The fourth assigned reason is that the court erred in ruling upon evidentiary matters. The fifth reason is that, over objection, although the corpus delicti had not been established, admissions of the defendant were placed in evidence. The sixth is that the evidence is insufficient to prove that notice of the alleged suspension of defendant's operating privilege or license had been served upon defendant. Defendant has also filed a motion in arrest of judgment, on the ground that the evidence was insufficient to sustain the verdict.

In the light of the evidence which was admitted, over objection, at trial, the verdict was not contrary to the evidence, the weight of the evidence, or the law. In view of the disposition which we herein make of defendant's fourth and fifth reasons for a new trial it is contrary to the competent evidence in the case, the weight thereof at the trial, and the law applicable thereto.

Defendant's fourth and fifth assigned reasons for a new trial are meritorious and will be sustained. They may be considered together. In doing so, it is necessary to determine the elements of the corpus delicti of the offense charged.

Defendant argues that the corpus delicti of the offense with which the defendant was charged includes proof, independent of any admission made by the defendant, that (a) defendant's operating privileges had been suspended, (b) notice of such suspension had been given to defendant, and (c) defendant was operating a motor vehicle at the time and place in question. This means that the Commonwealth must prelimin-

arily and independently establish all of the elements of the crime charged. By this view the term "corpus delicti" would be synonymous with the whole of the charge, which would be absurd. Compare Commonwealth v. Gomino, 200 Pa. Superior Ct. 160, 166 (1963); Commonwealth v. Burns, 409 Pa. 619, 627 (1963).

The essential elements of the corpus delicti of a crime have been variously defined. For instance, in Wharton's Criminal Law, 12th ed. Vol. 1, p. 451, sec. 348, it is stated that:

"The essential elements of the corpus delicti are (1) the existence of a certain state of fact or result forming the basis of the criminal act charged, and (2) the existence of a criminal act or agency or cause in bringing the state of fact into existence; . . ."

It is generally stated in the Pennsylvania decisions that the corpus delicti includes only (1) the occurrence of the specific kind of injury charged, and (2) somebody's criminality as the source of the injury: Commonwealth v. Ricci, 177 Pa. Superior Ct. 556, 563 (1955); Commonwealth v. Thomas, 189 Pa. Superior Ct. 25, 30 (1959); Commonwealth v. Gomino, supra, page 166; Commonwealth v. Turza, 340 Pa. 128, 134 (1940); Commonwealth v. Burns, supra, page 626. The cases cited also hold that the accused's identity as the responsible party is not an element of the corpus delicti, although a necessary element of the offense itself.

We have found no decision of the appellate or lower courts in Pennsylvania defining the elements of the corpus delicti of the offense of operating a motor vehicle after the operating privilege has been suspended. In Commonwealth v. Croyle, 8 Chester 339 (1958), it was held that the elements of the corpus delicti in a prosecution for operating a motor vehicle while under the influence of intoxicating liquor are that someone

operated a motor vehicle at the time and place, while under the influence of intoxicating liquor. It is our opinion that the elements of the corpus delicti of the present prosecution are that someone operated a motor vehicle at the time and place, when his operating privileges were under suspension and that the third element of the offense necessary to be proved to establish the whole charge would be the identity of a defendant as the responsible party.

It is our opinion that the Commonwealth has failed to establish the first of the elements of the offense charged against this defendant, independently of the admissions of defendant.

To establish the operation of the motor vehicle by defendant, or by anyone and, in part, the suspended state of defendant's operating privileges, the Commonwealth has relied upon the testimony of Sergeant Downs, a police officer of the Borough of Bristol. He testified that on April 27, 1967, he apprehended defendant who "was involved in an automobile accident with Miss Rosemary Magee. I asked him for his license and registration card so that I could write the accident up, and he testified he lost them about a month ago". A timely objection was made to this testimony. It was overruled. The officer continued: "I then asked him what happened, and he said he was under suspension but he expected to have his license back . . . " This also brought an objection which in turn was overruled. The officer then testified that he inquired of defendant his home address and in reply defendant told him that it was "2910 Newportville Road, Pennsylvania", defendant's objection thereto having been overruled.

On further interrogation by the district attorney, the police officer then testified that he determined that the defendant was operating one of the vehicles involved in the accident by questioning people who were around. Defendant objected to this and moved

that it be stricken. The objection was sustained and the answer was stricken. The officer then stated that he asked defendant, who replied that he was one of the drivers. This was objected to on the basis that the corpus delicti had not been established.

The rule that an extrajudicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti has first been established by independent proof, and that failure to comply with this prerequisite will exclude the admission or confession, may be satisfied by subsequent independent proof of the corpus delicti after the introduction in evidence of the admission or confession. The order or proof in the trial of the case is a matter within the discretion of the trial judge: Commonwealth v. Ferguson, 162 Pa. Superior Ct. 199 (1948). Therefore, the order in which the evidence was received in this case is of no consequence.

The corpus delicti must be proved, as any other fact, beyond a reasonable doubt: Commonwealth v. Ricci, supra, page 563; Commonwealth v. Thomas, supra, page 30. It may not be the product of mere conjecture: Commonwealth v. Dennis, 211 Pa. Superior Ct. 37, 39, (1967). The only evidence, independent of the statements made by defendant, that anyone was operating a motor vehicle is the statement of the investigating police officer that he approached defendant "who was involved in an automobile accident with Rosemary Magee". This testimony was objected to. The objection should have been sustained. Independent of any admission by defendant, the statement was a conclusion based upon hearsay. The record is completely barren of evidence, by testimony of Sergeant Downs or otherwise, that the sergeant saw anyone operate a motor vehicle at the time and place referred to in his testimony or elsewhere, or that he had personal knowledge of an automobile accident at the location mentioned

either by witnessing its occurrence or observing the evidence thereof after its occurrence. It is obvious, therefore, that the first element of corpus delicti of the offense charged had not been established by competent evidence independently of defendant's admissions.

For the purpose of establishing the second element of the corpus delicti, i.e., that the operating privileges had been suspended, the Commonwealth offered in evidence exhibit C-1, which purported to be an official form of the Commonwealth of Pennsylvania, Department of Revenue entitled "Withdrawal of Motor Vehicle Privileges-Official Notice". It bore the date of March 22, 1967, and was addressed to "Paul J. Keating, Jr., 2910 Fallsington Road, Newportville, Bucks Co., Pennsylvania". It bore what purported to be the signatures of "Harry H. Brainerd, Commissioner" and "Theodore B. Smith, Jr., Secretary". Affixed to it was a Department of Revenue, Bureau of Motor Vehicles Form RMV-814 (4-64) entitled "Certification" and dated May 9, 1967 to the effect that the notice is a true and correct copy of the suspension of the operating privileges of Paul J. Keating, Jr. The admission of C-1 and its certification affixed thereto was objected to. The objection was overruled and the exhibit was admitted in evidence on the authority of section 1224 of The Vehicle Code, of April 29, 1959, P. L. 58, 75 PS §1224.

The court, having now informed itself by reference to the Pennsylvania Manual 1967, Volume 98, published by the Department of Property and Supplies for the Commonwealth of Pennsylvania, at pages 419, 428, 474, 323, that Theodore B. Smith, Jr. served as Secretary of Revenue of the Commonwealth of Pennsylvania from January 15, 1963, to October 10, 1966, when he was appointed Judge of Common Pleas No. 5 Court of Philadelphia County, Pa., and that Warner M. Depuy served as Acting Secretary of Revenue from

October 1966 to January 1967, when he was sworn in as Secretary of Revenue, takes judicial notice that Theodore B. Smith, Jr. was not Secretary of Revenue at the date of the official notice and at the effective date of the suspension of the license therein referred to, March 31, 1967, at 12:01 a.m.

The notice of suspension therefore is valueless in establishing the suspension of the license of the person named therein for if it establishes anything it would be that the license was suspended by a person not then Secretary of Revenue but a judge of the Courts of Common Pleas of Philadelphia.

The Commonwealth produced as a witness a representative of the Department of Revenue, Bureau of Traffic Safety, who produced a file of a Paul Joseph Keating, Jr., whereupon defense counsel agreed that the exhibit C-1 was a photocopy of a "Withdrawal of Motor Vehicle Privileges-Official Notice" which was one of the documents contained in that file. Defendant objected to the competency of this witness to testify from the file, which objection was overruled. It is unnecessary to consider the propriety of this ruling. The witness had no first hand knowledge of any of the matters contained in the file. He testified from instructions he had been given concerning the office procedures of the Bureau of Traffic Safety. In testifying concerning the suspension of the operating privileges of Paul J. Keating, Jr. and the giving of notice thereof he relied upon the original or a file duplicate of the exhibit C-1. His testimony was, therefore, of no greater value than the exhibit itself.

It appears, accordingly, that there was no competent evidence that the operating privilege of any person had been suspended.

The Commonwealth having failed to establish any of the elements of the corpus delicti of the alleged crime, the statements of defendant that he was the operator

of the vehicle and that his license was under suspension were not admissible in evidence. Absent such admissions, there was no competent evidence to establish the guilt of the defendant. Consequently, it appears that all of the defendant's assigned reasons for a new trial are meritorious.

ORDER

And now, this July 17, 1968, defendant's motion for a new trial is sustained and a new trial awarded; defendant's motion in arrest of judgment is denied and refused.