STATE OF HAWAII *v.* JOSEPH KALUA CANTIENPHYLUS VINCENT, ALSO KNOWN AS JOSEPH COITO VINCENT, JR., AND ALFRED CLYDE MEDEIROS.

No. 4599.

JANUARY 23, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE KING ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY ABE, J.

Defendants-appellants were jointly indicted and tried for murder in the first degree of one Jack Edwin Wadsworth.

John Nunuha, Jr., the key witness had attended a deaf and blind school up to the eighth grade because of his hearing difficulties and wears a hearing aid. It seems that because of his hearing defect, he also experienced a speech deficiency.

When Nunuha began testifying as to the occurrences of the evening of July 24 and early morning of July 25, 1965, counsel for appellants moved that the trial judge advise Nunuha as to his constitutional right against self-incrimination. The court denied the motion stating that in this jurisdiction "the court does not have to warn a witness that he has a right not to incriminate himself."

While testifying, Nunuha had difficulty communicating orally and was permitted to demonstrate physically appellants' actions. Counsel for appellants duly objected. The court overruled the objections and permitted the witness to continue his demonstrations.

After trial, the jury returned verdicts of guilty and judgments were entered accordingly. This appeal is from the judgments.

I.

One of the issues is whether the trial judge erred when he permitted Nunuha to demonstrate as to the actions of the appellants.

It is a well-settled principle that a trial judge may in his discretion allow a witness to give physical demonstration and only where he has abused this discretion appellate courts have held such action to be error. *Commonwealth* v. *Barille,* 270 Pa. 388, 113 A. 663 (1921) ; *State* v. *Hunter,* 82 S.C. 153, 63 S.E. 685 (1909).

Also, it is general law that on appeal appellants have the burden of showing an abuse of discretion. *Kensington Hospital for Women Case,* 358 Pa. 458, 58 A.2d 154 (1948) ; *Herman* v. *Hass,* 166 Iowa 340, 147 N.W. 740

(1914); *Bolton* v. *State,* 223 Ind. 308, 60 N.E.2d 742 (1914).

The record shows that after Nunuha had demonstrated, the State requested the court to permit Nunuha to re-demonstrate for the purpose of having the demonstration read into the record. Both counsel for the appellants then stipulated to the trial court that on appeal they would not urge as error the failure to have a description of the demonstration noted in the record. Thus there is nothing in the record to show this court that the demonstration tended to prejudice appellants by inflaming the emotions of the jury or otherwise. We are, therefore, unable to conclude that the trial court abused its discretion and we must hold that no error was committed.

## II.

In another specification of error, it is contended that the trial court erred when it denied appellants' motion to have Nunuha examined by a psychiatrist for the purpose of impeaching his testimony.

We find that there was no error.

We agree with courts of other jurisdictions that a trial judge in his discretion may order a psychiatric examination of a witness on the question of credibility when a movant shows a compelling reason for such examination. *State* v. *Miller,* 35 Wis.2d 454, 151 N.W.2d 157 (1967); *Ballard* v. *Superior Court of San Diego County,* 64 Cal.2d 159, 410 P.2d 838 (1966); *State* v. *Butler,* 27 N.J. 560, 143 A.2d 530 (1958).

However, mere allegation by the appellants that the key witness had certain physical defects and that he was fabricating his story to get into the limelight was neither sufficient nor compelling ground for such examination. To hold that the trial judge in the exercise of his discretion

should have ordered a psychiatric examination of Nunuha under the record of this case would require such examination of every witness when so requested by the opposing party and would unduly disrupt and interfere with the orderly conduct of a trial. To permit such disruption of a trial is not in the furtherance of justice.

Further, the trial judge granted appellants' counsel permission to consult with a psychiatrist for one hour at the expense of the State and requested that the counsel report back to the court as to the findings. Counsel not only agreed to do so, but also agreed to have the psychiatrist appear in court for questioning. If the consultation were favorable to the appellants, they could have shown sufficient justification for a psychiatric examination. However, the record fails to show that counsel for appellants did consult a psychiatrist.

### III.

Another issue is whether the trial judge is required to advise a witness that his testimony may be used to incriminate him upon a motion of one of the parties.

Appellants' contention is that upon their motion, witness Nunuha should have been advised of his constitutional right against self-incrimination guaranteed by the Constitutions of the United States and the State of Hawaii. This right was personal to the witness himself and the trial court was not required to so advise Nunuha upon the request of appellants because only the witness could invoke or waive this right. Therefore, appellants have no right to object to the failure of the trial judge to so warn the witness. *Republic of Hawaii* v. *Parsons,* 10 Haw. 601 (1896).

The other specifications of error are without merit.

Affirmed.

*Isao Ito* for defendant-appellant Vincent.

*Richard E. Stifel (Anderson, Wrenn & Jenks* of counsel), for defendant-appellant Medeiros.

*Ronald T. Y. Moon,* Deputy Prosecuting Attorney (*John H. Peters,* Prosecuting Attorney, with him on the briefs) for plaintiff-appellee.