**Commonwealth v. Higley**

*Edwin W. Frese, Jr.,* Deputy District Attorney for Commonwealth.

*Arthur K. Dils,* for defendant.

WICKERSHAM, J., November 1, 1972.—Defendant, Ronald M. Higley, was indicted for carrying "in a place not his abode nor his fixed place of business, a certain firearm, to wit: one pistol, caliber unknown, without a permit to carry the same as required by law."[1]

Defendant was tried without a jury resulting in a verdict of guilty and has filed a motion for arrest of judgment.[2]

In his motion for arrest of judgment, defendant contends that the sole evidence produced against him was an alleged admission made by him to the investigating police officer on the date of his arrest to the effect that he had obtained the weapon from a car parked nearby his residence, or the residence of his parents, and that the corpus delicti was not properly established.

The Commonwealth's brief adequately states the facts of the case.[3]

---

[1] Uniform Firearms Act, of June 24, 1939, P. L. 872, sec. 628, 18 PS §4628, as amended, August 13, 1963, P. L. 660, sec. 1, (no. 346), reading as follows:

(e) "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

[2] Waiver of jury trial heard by Judge Richard B. Wickersham June 15, 1972; Edwin W. Frese, Jr., Esq., Deputy District Attorney for the Commonwealth, and Arthur K. Dils, Esq. for defendant.

[3] "On February 12, 1972, at 1:30 a.m., Patrolman William Coleman arrived at 825 Hilltop Drive, Susquehanna Township,

Absent the statement of defendant made to the investigating police officer who arrived at the scene in response to a telephone call, the Commonwealth would have no evidence whatsoever to support the charge against defendant. When the police officer arrived, the victim of the shooting was in defendant's home, that is his parents' home where he resided, and the weapon was inside the home as well. It was only the statement of defendant to the police officer that defendant had taken the gun from the vehicle in which he was riding which supported the Commonwealth's case.

Defendant's motion in arrest of judgment is well taken, is hereby sustained, defendant discharged and the case dismissed.[4]

---

in answer to a call. The defendant related the following story to the police officer: The defendant, his girl friend and a Mr. Goho were driving in an automobile owned by Mr. Goho. Five men in another car began harrassing them and attempting to run them off the road. At one point they threw bottles at the Goho car. The defendant drove to his parent's home at 825 Hilltop Drive with the second car immediately behind him. Alighting from his car, the defendant was struck in the face by one of the five men. Mr. Higley, apparently in fear for his own safety and that of his guests, pulled a gun from the car and shot the man who had struck him on the face. The defendant then dragged or carried the victim approximately 50 to 100 feet into his parent's home.

"Mr. Higley told this story to the policeman inside of his parent's home and there handed the gun to the police officer. Because of the circumstances of the shooting no charges were brought by the police. Further examination, however, revealed that the defendant had no permit for the gun and that he had possession of the gun outside his place of residence."

[4] His motion in arrest of judgment is predicated on the Act of June 15, 1951. P. L. 585, sec. 1, 19 PS §871, which provides as follows:

"§871. Motion on ground of insufficiency of evidence

"Hereafter, in all criminal prosecutions in this Commonwealth in which the jury shall have rendered a verdict against the de-

We recently had the opportunity to consider the well-established rule that a confession may not be considered unless the corpus delicti has been proven in Commonwealth v. May, 94 Dauph. 291 (1972), opinion by Judge Dowling. See also Commonwealth v. Ferguson, 162 Pa. Superior Ct. 199 (1948), wherein the Pennsylvania Superior Court said:

" 'The rule, attempted to be invoked by appellant, that an extra-judicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti of the crime has first been established by independent proof, and that failure to comply with this prerequisite will exclude the admission or confession, is a familiar one.' . . ."

In the instant case, when the investigating police officer arrived at defendant's abode, both the victim and the weapon were inside defendant's home. The only proof that the weapon had been outside of the home and utilized outside of the home was the statement made by defendant to the police officer. The statement of defendant should not have been admitted into evidence and without it the Commonwealth had no case.

## ORDER

And now, November 1, 1972, defendant's motion in arrest of judgment is sustained, defendant discharged and the case dismissed.

---

fendant, the defendant may, in addition to making a motion in arrest of judgment on the grounds that there is error appearing on the face of the record, may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge," and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case."