Commonwealth *v.* Amato, Appellant.

Commonwealth *v.* Frattone, Appellant.

Argued October 13, 1941.

Before CUNNINGHAM, BALDRIGE, STADTFELD, and HIRT, JJ.

152

*Harry Siegel,* with him *Americo V. Cortese,* for appellants.

*Emanuel W. Beloff,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY HIRT, J., February 28, 1942:

The defendants Amato and Frattone were employees of Giovanni Porreca a wholesale flour dealer, the former as a salesman, the latter as salesman and bookkeeper. These defendants, in separate indictments, were charged with larceny of certain monies received by them on sales of their employer's flour, under the Penal Code, Act of June 24, 1939, P. L. 872, §815, 18 PS 4815. They were also charged with fraudulent conversion. Both were convicted as indicted but were sentenced for the offense of larceny by employee only. They were not sentenced in Nos. 274 and 275 October Term, 1941 on their convictions of fraudulent conversion.

There is testimony that on January 2, 1941 Porreca was the owner of 525 barrels of flour and a quantity of cigars then stored on the premises at his place of business. On January 4, 1941 when he next went into the building he found that all of the flour, the cigars, his books and a typewriter had been feloniously removed from his warehouse; none of this property has been recovered. On his desk he found two of his business cards. On the back of one of them there was a lewd insult addressed to him and the other bore the written name of Harry Frattone. Frattone admitted that the handwriting on both cards was his. Shortly thereafter, Amato came to Porreca's house and said to him: "Don't blame me for the merchandise that is missing because Tony Maggio [another employee] came there with a

gun and put a gun up and he took the stuff all out of there." Defendants were not indicted on a charge of "burglary" nor with the larceny of this property nor with receiving stolen goods and the trial judge was careful to instruct the jury to that effect. He said: "Bear in mind, these men are not charged with the theft of the flour or the cigars or the books and the typewriter. It is charged that they, being employees, having the right of custody of that flour, or the right to handle it, sold it and kept the money. It is the proceeds, or the money, that they are charged with having stolen, or having converted."

It is a fair inference however, that defendants had some connection with the larceny of the flour from Porreca's warehouse and this testimony of a related crime was admissible as part of the proof of the specific offenses with which defendants were charged, as evidence of intent, the absence of mistake or accident, and the existence of a common scheme or plan tending to establish the embezzlement or fraudulent conversion of Porreca's monies when they sold the flour. *Com. v. Strantz*, 328 Pa. 33, 195 A. 75; *Com. v. Fugmann*, 330 Pa. 4, 198 A. 99.

Although the evidence, if competent, is sufficient to establish the fact of the guilt of the defendant in each case, it is contended that the proof of guilt rests solely upon a confession and that this testimony, therefore, must be excluded because the corpus delicti was not proven. It is a familiar rule that "an extrajudicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti of the crime has first been established by independent proof," (*Com. v. Turza*, 340 Pa. 128, 16 A. 2d 401) though the order of proof is a matter within the discretion of the trial judge. The jury should first pass upon the sufficiency of the evidence of the corpus delicti "to be proved like any other fact in the cause, and be

found by the jury upon competent evidence." The evidence must satisfy the jury beyond a reasonable doubt but the corpus delicti need not be proven beyond the possibility of doubt. There is no rule of law which requires absolute certainty. *Com. v. Puglise,* 276 Pa. 235, 120 A. 401. Professor Wigmore, Evidence, 3d Ed. §2072 warns against giving an "unjustifiable broad meaning" to the phrase "corpus delicti" but refers to the fact that in most jurisdictions two elements must be shown; "the occurrence of a specific kind of injury or loss; ...... in larceny, property missing" and "somebody's criminality." The accused's identity may be established by his confession. This is the rule in this State. *Com. v. Turza,* supra.

While in our opinion there is sufficient proof of the corpus delicti as to all of the charges, it is unnecessary to discuss the question further, for the reason that in one count on which each defendant was convicted, proof of the corpus delicti was in no way related to the confession. In the first count of the indictment on which defendant Amato was convicted and sentenced he was charged with the embezzlement of $80. Proof of this charge was established by the witness Aloisi who testified that in Christmas week of 1940 (before Porreca's flour was stolen) he bought 20 barrels of flour from this defendant and the flour was delivered by him together with an invoice payable to Porreca. He testified that he paid Amato $80 on account, and Porreca testified that Amato never accounted to him for the payment. Similarly, in the second count of the indictment on which defendant Frattone was convicted and sentenced, he is charged with the embezzlement of $165. This transaction is identified in the evidence as relating to a sale of flour to one Villoti who testified that on January 4 or 5, 1941, be bought 35 barrels of flour through this defendant and on delivery by him received an invoice indicating that it was Porreca's flour. He testified

that he paid Frattone $148.75 and the testimony of Porreca is that he has not received any part of the proceeds of sale. Both Amato and Frattone confessed to appropriating at least a part of the proceeds of these sales, but the corpus delicti in each case was established by other evidence and their confessions, then, became clearly admissible for other purposes.

Even if the other charges were to fall for want of proof of the corpus delicti we could not set aside the sentences in these cases. The verdict in each case was general and but one sentence was imposed. In them there was no lumping of penalties. See *Com. v. Harrison, Appellant,* 142 Pa. Superior Ct. 453, 16 A. 2d 665. The sentence of Amato or of Frattone did not exceed the maximum penalty of the charge against each of them, above referred to, in which the corpus delicti was clearly established. "If there be one count sufficient to sustain the order entered, it is enough": *Com. ex rel. Biscetti v. Leslie,* 290 Pa. 530, 139 A. 195.

The judgments and sentences are affirmed, and it is ordered that each defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in each case was made a supersedeas.