Commonwealth *v.* Krzesniak, Appellant.

Argued September 26, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Bernard V. DiGiacomo,* for appellant.

*C. Howard Harry, Jr.,* Assistant District Attorney, with him *J. Stroud Weber,* District Attorney, for appellee.

OPINION BY HIRT, January 17, 1956:

Nine bills of indictment were consolidated for trial before the same jury. Eight of them charged the defendant with arson, under §905 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4905; the ninth indictment charged him with setting a junked automo-

bile afire in violation of §907 of the Code, 18 PS §4907. There were no eyewitnesses to any of the crimes but the defendant, a 19-year-old boy confessed to the commission of all of them after his arrest. At the close of the Commonwealth's case the trial court sustained demurrers to the evidence as to five of the arson indictments because proof of the corpus delicti in each instance was lacking. The defendant however was found guilty on the remaining three charges of felony, Bills 39, 39-2 and 39-6, and on the fourth Bill, 39-8, charging the unlawful burning of personal property, a misdemeanor. A single indeterminate sentence to the Pennsylvania Industrial School at Camp Hill was imposed.

The appeal before us was taken by the defendant from his conviction and sentence in the court below in No. 39 June Sessions, 1954. No appeal was taken in any of the other three cases. Although a single sentence was imposed generally on all four convictions the sentence is valid and cannot be set aside in this appeal since it does not exceed the maximum which could have been imposed on the conviction of arson on Bill 39. Cf. *Commonwealth v. Waychoff,* 177 Pa. Superior Ct. 182, 110 A. 2d 780; *Commonwealth v. Logan,* 172 Pa. Superior Ct. 365, 94 A. 2d 99; *Commonwealth v. Amato,* 148 Pa. Superior Ct. 151, 24 A. 2d 681.

We are unable to agree with the defendant that the corpus delicti was not sufficiently proven in the three arson cases in which he was convicted, including the prosecution on Bill 39. It is a familiar rule that an extrajudicial confession by one accused of a crime cannot be received in evidence unless and until the corpus delicti of the offense has first been established by independent proof. *Commonwealth v. Turza,* 340 Pa. 128, 16 A. 2d 401. It is said in *Commonwealth v. Gard-*

*ner,* 282 Pa. 458, 462, 128 A. 87, that "In all criminal proceedings it is incumbent on the Commonwealth to establish beyond a reasonable doubt three elements: (1) the occurrence of an injury or loss . . . (2) a criminal agency [in arson that the fire was incendiary in origin] . . . (3) that the defendant is the responsible party . . ." It is also stated in that leading case, p. 464, "It sometimes happens the circumstances attending the act may be consistent with crime . . . or accident. In such cases, the corpus delicti is proven where the circumstances attending the [loss] are consistent with crime, though they may also be consistent with accident." And further: "The corpus delicti is to be proved like other facts, and it may be shown by circumstantial evidence." All that is required under the settled law is that the facts establishing the corpus delicti be proven by competent evidence beyond all reasonable doubt. *Commonwealth v. Dolph,* 164 Pa. Superior Ct. 415, 65 A. 2d 253; *Commonwealth v. Lettrich,* 346 Pa. 497, 31 A. 2d 155; *Com. v. Smith,* 111 Pa. Superior Ct. 363, 170 A. 331.

The jury upon sufficient proofs found that the corpus delicti of the arson charged in Bill 39 was established. The uncontradicted testimony is that a fire was observed in a recessed areaway enclosing a basement window of a factory building of the Colonial Abrasive Products Company in Conshohocken. Papers and leaves, with other inflammable trash which had collected there, were burning, as well as the wooden frame of the window, when the fire was first observed. The circumstances might have indicated that this fire was accidental in origin except for the fact that simultaneously there was a second fire in the inside of a cupboard in another part of the building. There was no connection between the two and no possibility that one fire caused the other. Two firemen of long experience

in the investigation of the causes of fires, without objection by the defendant gave it as their opinion that these fires were criminal in origin and the jury so found. The subject of Bill 39-2 was a fire that destroyed a garage or stable at 610 Harry Street, Conshohocken. The outside of the building had been fired in two places by means of a lot of newspapers "all rumpled up." The circumstances rebut every inference that the incidence of the fire was accidental and there is positive evidence in the testimony of Joseph P. Thomas, the Conshohocken Fire Chief, who has had a wide experience in the investigation of the causes of fires, that it was incendiary in origin. This testimony also was received without objection. The evidence in support of Bill 39-6 relates to a fire which totally destroyed a garage with a resulting loss of $3,500 to the owner. From his investigation the Fire Chief gave it as his opinion that this fire "could have been accidental *or* set by someone." In each of these cases the corpus delicti was sufficiently proved under the rule of the *Gardner* case and the authorities cited above, and the defendant's confession to these crimes was admissible. Bill 39-8 charged the malicious burning of an old junked automobile in a remote section of the premises of Fazio Metals Inc. in Conshohocken. The car was completely enveloped in flames when the witnesses first observed it. There was no direct evidence on the question of the origin of the fire but the circumstances rebut an inference that it was from accident. We need not decide here whether the charge of the court on corpus delicti on Bill 39-8 was a correct statement of the law. Defendant did not appeal in that case and the question is not raised here. We may state, however by way of dictum, that we do not agree that the rule as stated in 1 Henry Pa. Evid. 4th Ed. §183 is the law of this State. The classification of

crimes as felonies or as misdemeanors is most illogical in Pennsylvania, and in general we will follow what was done in *Commonwealth v. DuHadway,* 175 Pa. Superior Ct. 201, 103 A. 2d 489, and require proof of the corpus delicti on charges of misdemeanors as a prerequisite to the admission of a defendant's confession.

The trial judge inadvertently used language at one point in charging the jury which could be interpreted to mean that regardless of whether the confessions were made voluntarily or involuntarily the jury could consider them if they believed the confessions to be true. Standing alone this statement in the charge would constitute reversible error. *Commonwealth v. Jordan,* 328 Pa. 439, 196 A. 10. But the error was corrected later by the trial judge and from the charge as a whole the jury were made to understand clearly that the confession could not be considered by them at all unless it was made voluntarily. "If the Court's charge read as a whole is accurate and fair and contains no basic or prejudicial error, it will be sustained even though isolated excerpts taken therefrom are or might be objectionable": *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820. Moreover there was no contention at the trial of the defendant that his confessions were coerced. No suggestion of duress appears in the Commonwealth's testimony and several of the boys who were questioned by the police along with the defendant, frankly stated that they were all treated well. The defendant did not testify. The contention that defendant's confession was involuntary rests solely upon the bald unsupported assertion of his counsel. In the light of the verdict there is no merit in the contention.

So also there is no merit in appellant's contention that there was "basic and fundamental error in the court's charge in that it was inadequate, misleading, confusing and fatally defective." The charge of the

court fairly and substantially covered the issues in this case and no further requests for charge were made by defendant's counsel although invited by the trial judge at the conclusion of the charge in this language: "Now I will ask counsel whether they have anything to suggest, delete, amend or add." Appellant has not shown that he was prejudiced by the alleged inadequacy of the charge in any respect and in the absence of a request for further instruction he cannot now complain. *Commonwealth v. Waychoff*, supra.

There was evidence for consideration by the jury that the defendant was of low mentality but the psychiatrist who testified as to his mental capacity also stated that he knows the difference between right and wrong. The fact of his relatively low mentality therefore does not relieve him of the consequences of his voluntary criminal act. Cf. *Com. ex. rel. Ringer v. Maroney*, 177 Pa. Superior Ct. 509, 110 A. 2d 801.

The consolidation of indictments charging separate and distinct offenses is largely within the sound discretion of the trial court and where, as here, the indictments are closely related such consolidation will not furnish grounds for reversal unless the defendant has been prejudiced thereby. *Commonwealth v. Lehman*, 166 Pa. Superior Ct. 181, 70 A. 2d 404; *Commonwealth v. Kaysier*, 166 Pa. Superior Ct. 369, 373, 71 A. 2d 846. Defendant did not object to the consolidation. He was not prejudiced by it and he has no grounds for complaint on that score.

The defendant was fairly tried and was convicted by sufficient competent testimony which the jury accepted as proof of guilt beyond all reasonable doubt.

Judgment of sentence affirmed.