Commonwealth ex rel. Wildrick, Appellant, *v.*
Myers.

Submitted June 12, 1962.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Myron Wildrick,* appellant, in propria persona.

*Maurice L. Epstein,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

Relator appeals from the dismissal, without a hearing, of his petition for release on a writ of habeas corpus from the State Correctional Institution at Graterford, Pennsylvania, where he is serving a sentence imposed after his entry of a plea of guilty to charges of burglary and larceny.

He contends that his constitutional rights were violated since he was induced to enter the plea of guilty by the false inducements and duress of a county detective who visited him while he was held in jail pending the action of the grand jury and trial of his case. He had entered a not guilty plea before the magistrate at his preliminary hearing. However, he alleges no facts constituting duress, nor does he specify what inducements were made by the detective; therefore his petition is insufficient to justify any consideration being given to this complaint. *Commonwealth ex rel. Kennedy v. Mingle,* 388 Pa. 54, 130 A. 2d 161.

Nor is there any merit in his general complaint about the detective visiting him in jail. Prisoners are interrogated regularly by peace officers without violating their constitutional rights. In *Commonwealth ex rel. Butler v. Banmiller,* 20 Pa. D. & C. 2d 267, aff. 398 Pa. 442, 159 A. 2d 212, the same complaint was made and dismissed, and, in that case the complaint was

stronger than in the one before us. There, the relator alleged he had been held incommunicado for five days and abused until he signed a statement admitting a crime of which he was innocent. See also *Commonwealth v. Agoston,* 364 Pa. 464, 72 A. 2d 575.

In the present case, relator made no mention of this complaint when he appeared before the court where he affirmed his guilty plea, made no claim of innocence, and was sentenced. He offers as an explanation for his failure to do so that he was young (20 years), had only a fifth grade education, had no counsel to advise him, was still under the influence of the county detective, and did not know he could change a plea of guilty to one of not guilty at that time. All of his reasons seem trivial, since there is no evidence of duress or false inducement and he had ample opportunity at the time of his sentence to disclaim his guilt and assert his innocence. One who is innocent needs no prompting and advice from counsel to say so however uneducated he may be. Relator was no boy at the time of his sentence. He was 20 years of age. Even in the case of a person of subnormal mentality a confession may nevertheless be received into evidence. *Commonwealth v. Krzesniak,* 180 Pa. Superior Ct. 560, 119 A. 2d 617. But the most impressive fact in our consideration is that at the time he filed his petition in the present case, in 1961, he made no claim of innocence.

Lack of counsel at the time of sentence is not per se sufficient to constitute a violation of constitutional rights, particularly where there is no prejudice shown or innocence asserted. *Commonwealth v. Jackson,* 193 Pa. Superior Ct. 631, 165 A. 2d 392.

The matter of variance in the sentences imposed on relator and his accomplice was entirely within the discretion of the sentencing judge; the prior encounter with the law experienced by each defendant and the

extent of participation by each in these crimes, as well as other matters, were for the judge's consideration in determining what sentence was appropriate on each. *Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 144 A. 2d 367; *Commonwealth v. Johnson,* 348 Pa. 349, 35 A. 2d 312; *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400.

We find nothing in the record before us that required a hearing to resolve any facts in dispute, and note nothing indicating unfairness or "overreaching", as asserted by appellant, in the presentation of the matter to the court on his plea of guilty which resulted in his sentence. Therefore, the order of CULLEN, P. J., dismissing the petition without hearing is affirmed.