## Commonwealth ex rel. Bair, Appellant, *v.* Russell.

Submitted April 13, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Richard Bair,* appellant, in propria persona.

*W. Thomas Malcolm,* District Attorney, for appellee.

OPINION BY WRIGHT, J., June 11, 1964:

Richard Bair has appealed from an order of the Court of Common Pleas of Indiana County dismissing his petition for a writ of habeas corpus. He is presently confined in the State Correctional Institution at Huntingdon.

Our review of the original record discloses that, on March 4, 1963, Bair waived grand jury action and entered pleas of guilty to seven bills of indictment, each of which charged forgery and uttering a forged instrument as proscribed by Section 1014 of The Penal Code. Act of June 24, 1939, P. L. 872, Section 1014, 18 P.S. 5014. At the time of his pleas, Bair was represented by Attorney Walter B. Cope, Jr. This is evidenced by Bair's written endorsement on the back of each indictment. Sentence was deferred for one week in order to afford Bair an opportunity to arrange restitution. When Bair appeared for sentence on March 11, 1963, restitution had not been made. He received seven concurrent sentences of not less than three nor more than seven years.

Bair's sole contention on this appeal is that he was not represented by counsel at the time of sentence. Attached to his petition is a letter from Attorney Cope stating that, because restitution had not been made and attorney's fees paid, "at the time you were sentenced in March of 1963, I was not representing you". However, Cope had not been granted permission to withdraw as counsel, and was actually present in court when the sentences were imposed.

The practice of sentencing a defendant in the absence of his counsel is most unusual and is to be condemned. However, it does not constitute reversible error unless some harm resulted therefrom: *Commonwealth ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 110 A. 2d 794. And see *Commonwealth ex rel. DeSimone v. Cavell*, 185 Pa. Superior Ct. 131, 138 A. 2d

688; *Commonwealth ex rel. Wildrick v. Myers,* 199 Pa. Superior Ct. 85, 184 A. 2d 158. Although there is some basis in the instant case for criticism, Bair has not alleged or demonstrated that any harm resulted from the purported absence of counsel at the time his sentences were imposed.

Order affirmed.