Commonwealth *v.* Dennis, Appellant.

Argued June 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

38

*John W. Packel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Michael M. Baylson,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 15, 1967:

This is an appeal by Lamont Dennis, defendant, from the judgment of sentence of the Court of Quarter Sessions of Philadelphia County and from the denial of motion for new trial. Defendant was indicted and convicted on charges of conspiracy and attempted burglary. He was sentenced to serve a minimum of 11½ months to 23 months in Philadelphia County Prison.

At the trial,[1] one witness for the Commonwealth, Mrs. Vivian Johnson, who resided directly across the street from a store alleged to be the scene of the attempted burglary, stated she heard a crash of glass, immediately looked out of her window and saw two boys walking. She was asked:

---

[1] Jury trial waived.

"Q. Did you see the glass door?

"A. Yes, I can see the glass door pretty well.

"Q. Did you see it broken?

"A. No, but I knew it was the door because the picture window wasn't broke [sic]. I thought that was what it was."[2]

The only other evidence relating to the commission of any offense was a stipulation at the trial that an employe of the owner was in court who would testify that no permission was given to anyone "to try and break into these premises." The employe was asked, "Miss Wells, do you know anything else about this?" Her answer was, "No, I don't."[3]

Defendant contends that no corpus delicti was established.

"To avoid the injustice of a conviction where no crime exists, the law has adopted a rule of caution which holds that the corpus delicti must be proven before a conviction can stand." *Commonwealth v. Gardner*, 282 Pa. 458, 463, 128 Atl. 87 (1925). "In all criminal proceedings it is incumbent on the Commonwealth to establish beyond a reasonable doubt three elements: (1) the occurrence of an injury or loss . . . (2) a criminal agency . . . (3) that the defendant is the responsible party . . ." *Commonwealth v. Gardner, supra; Commonwealth v. Krzesniak*, 180 Pa. Superior Ct. 560, 564, 119 A. 2d 617 (1956). These essential elements are reiterated and restated in *Commonwealth v. Bufalini*, 200 Pa. Superior Ct. 85, 91, 186 A. 2d 645 (1962). Although the corpus delicti may be circumstantially inferred, it may not be the product of mere conjecture and must be proved by competent evidence beyond a reasonable doubt. *Commonwealth v. Amato*, 148 Pa. Superior Ct. 151, 24 A. 2d 681 (1942).

---

[2] N.T. p. 4.

[3] N.T. p. 43.

In the instant case, no one saw appellant, or any other person, forcefully enter the delicatessen or break any glass. Nor is there any evidence whatsoever in the record of burglary, attempted burglary or other crime.

At the conclusion of the Commonwealth's case a demurrer to the sufficiency of the Commonwealth's evidence was made and overruled. The test in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. *Commonwealth v. Wheeler*, 200 Pa. Superior Ct. 284, 295, 189 A. 2d 291 (1963). No corpus delicti having been established, the demurrer in this case was improperly overruled. However, this was not raised on appeal and it is unnecessary to consider other questions presented by defendant.

Reversed and defendant discharged.

CONCURRING OPINION BY WRIGHT, J.:

My review of this record discloses ample evidence to establish an attempted burglary. However, the Commonwealth failed to prove beyond a reasonable doubt that appellant was a participant. The only eyewitness testified positively that appellant was not one of the two youths she saw at the scene of the crime. For this reason I am concurring in the result.

ERVIN, P. J., and WATKINS, J., join in this opinion.