Commonwealth *v.* Krenkowitz, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and PACKEL, JJ.

*Philip D. Lauer,* for appellant.

*Allan B. Goodman,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

Appellant contends that his 1967 sentence should be reconsidered because the sentencing judge relied upon a 1963 conviction, which has since been reversed.

"For almost three decades in Pennsylvania it has been a well established and recognized rule of law that evidence of prior offenses committed by the defendant . . . is admissible . . . solely for the purpose of enabling the jury to decide what penalty should be imposed on the defendant." *Commonwealth v. Thompson,* 389 Pa. 382, 399, 133 A. 2d 207 (1957), cert. den. 355 U.S. 849; *Commonwealth ex rel. Sullivan v. Ashe,* 325 Pa. 305, 188 A. 841 (1937), aff'd 302 U.S. 51; *Commonwealth ex rel. Gouch v. Myers,* 196 Pa. Superior Ct. 285, 288, 175 A. 2d 158 (1961); *Commonwealth ex rel. Wildrick v. Myers,* 199 Pa. Superior Ct. 85, 88, 184 A. 2d 158 (1962). Where a defendant is sentenced, however, on the basis of erroneous assumptions with respect to his

criminal record, the defendant may be denied due process of law. *Townsend v. Burke,* 334 U.S. 736 (1948).[1]

In addition to the 1963 conviction, appellant had nineteen other convictions when he was sentenced in 1967. The appellant's extensive record precludes a finding that the sentence imposed herein was substantially predicated on the 1963 conviction. This is clearly a case of harmless error. *United States ex rel. Cottrell v. Rundle,* 299 F. Supp. 1028 (1969).[2]

For the aforementioned reasons, the lower court decision is affirmed.

---

[1] In *Townsend v. Burke,* supra, appellant was not represented by counsel at sentencing. The sentencing judge mistakenly believed that the defendant had five prior convictions. In reality, the defendant only had two prior convictions. The Supreme Court held: "It is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." 344 U.S. 736, 741. Unlike *Townsend,* the appellant in the instant matter was represented by counsel at sentencing.

[2] In *Rundle,* supra, the relator alleged that the trial judge erroneously believed that the homicide victim had been assaulted by the relator on a prior occasion. The court ruled: "Assuming arguendo that the relator is correct, this does not rise to constitutional error. . . . The relator had numerous convictions for crimes of violence. Having demonstrated a propensity for inflicting bodily harm, the trial court was indeed justified in imposing the maximum sentence, authorized by statute." 299 F. Supp. 1028, 1030.