Commonwealth *v.* Rhoads, Appellant.

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

210

*Joseph C. Mesics*, Public Defender, for appellant.

*George E. Christianson*, District Attorney, with him *David J. Brightbill*, Assistant District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 19, 1973:

Appellant was convicted of statutory rape of a child not quite four years old. On this appeal appellant raises the same four issues that he raised in the court below.

Appellant first asserts that a statement made by him while in police custody was improperly admitted because obtained in violation of his rights under the Fifth Amendment as articulated in *Miranda v. Arizona*, 384 U.S. 436 (1966). His position is that he did not fully understand the warnings that were recited to him and therefore could not have made a "knowing and intelligent" waiver of his right to have counsel. In support he cites his limited education, limited mental capacity, and emotional problems at the time of the arrest.

At the suppression hearing the detective who had interrogated appellant testified that he had "read the card" to appellant, and that after about five minutes of conversation appellant "broke down and cried and went on his knees in front of Detective Roland and said

he knows he shouldn't have done it, he's sorry for doing it, he needs help, he knows he needs medical attention."

Appellant argues that it was not explained to him that he had a right to court-appointed counsel prior to any questioning. Putting aside the fact that this argument was not made at the suppression hearing or at trial, and so comes too late, we note that the detective's testimony that he had "read the card" presumably referred to a standard police card containing all the required constitutional warnings.

In the circumstances we must agree with the decision of the court below sustaining the ruling that appellant's confession should be admitted. The Commonwealth has the burden of showing by a preponderance of the evidence that a confession was voluntarily made. *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968). However, even where it is alleged that the confession was obtained by threats of physical coercion and that a request to have counsel present was ignored, it is left to the trier of fact to decide whom to believe. *Commonwealth v. Matthews*, 446 Pa. 65, 285 A. 2d 510 (1971). When a challenge is made as to the validity of an apparently valid waiver, the burden is on the defendant "in any subsequent attack on the conviction to establish by a preponderance of the evidence that his acquiescence was not sufficiently understanding and intelligent to constitute an effective waiver". *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 199, 236 A. 2d 781 (1968). Thus in a case involving a defendant who was completely uneducated, illiterate, and of low mental capacity, but who could give a coherent narration when asked questions at the hearings and trial, it was held that a person of below average mental ability can "knowingly and intelligently" waive a constitutional right. *Commonwealth v. Abrams*, 443 Pa. 295, 278 A. 2d 902 (1971).

The record reflects that appellant testified coherently. The court below could find that he had been properly advised of his rights with respect to the interrogation and that he adequately comprehended the nature and extent of those rights.

The second issue is whether there was a valid consent to a search of appellant's apartment. The search was consented to by the mother of the victim (Mrs. Reedy) with whom appellant lived and by whom he had had a child. They were not married, but there is nothing to indicate that Mrs. Reedy's control over the apartment was restricted in any way.

In determining whether evidence obtained from a search consented to by one person can be used against another, the question is whether the person granting the consent had sufficient control over the premises to grant consent in his own right. The question is not whether the consenting person had the power to waive another's constitutional rights. *Commonwealth ex rel. Cabey v. Rundle*, 432 Pa. 466, 248 A. 2d 197 (1968).

*Cabey* involved a situation where a wife consented to a search that turned up evidence used in the prosecution of her husband. However, the husband-wife relationship is not necessary to the reasoning or application of that case. In finding "sufficient control", the court in *Cabey* emphasized that the defendant-husband had no intention of excluding his wife from the premises (a rented garage) even though she was not named in the lease: she had a key and could let people in at will.

No logical distinction can be drawn between the wife in *Cabey* and Mrs. Reedy in the present case. Neither was intended to be excluded from any part of the premises, and both could let people in at will. Thus whether appellant consented to the search is irrelevant.

The third issue is by far the most troublesome. Appellant asserts that the Commonwealth failed to

prove a corpus delicti and that accordingly his confession should not have been admitted into evidence. "The rule, attempted to be invoked by appellant, that an extrajudicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti of the crime has first been established by independent proof, and that failure to comply with this prerequisite will exclude the admission or confession, is a familiar one. . . . The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. . . ." *Commonwealth v. Turza*, 340 Pa. 128, 133-134, 16 A. 2d 401, 404 (1940).

There are two elements to a corpus delicti: the occurrence of an injury or loss; and somebody's criminality as the source of the injury or loss. *Id.* at 134, 16 A. 2d at 404; *Commonwealth v. May*, 451 Pa. 31, 301 A. 2d 368 (1973). The corpus delicti may be proved by circumstantial evidence, but that evidence must be "sufficient to convince the jury beyond a reasonable doubt that the crime charged was committed by someone." *Commonwealth v. Lettrich*, 346 Pa. 497, 31 A. 2d 155 (1943). Thus in homicide cases it is not necessary for a corpse to be found. *See Regina v. Onufrejczyk*, 1 All England L.R. 247 (1955).

This does not mean, however, that the Commonwealth must prove beyond a reasonable doubt that a crime was committed; it is enough for the Commonwealth to prove beyond a reasonable doubt that the injury or loss is consistent with a crime having been committed; the Commonwealth need not rule out the possibility of accident or suicide. *Commonwealth v. Boykin*, 450 Pa. 25, 298 A. 2d 258 (1972); *Commonwealth v. Gockley*, 411 Pa. 437, 192 A. 2d 693 (1963) and cases cited therein.

Similarly, in arson cases the corpus delicti consists of a fire of "incendiary origin", that is, one resulting from human intervention, even though the evidence is consistent with both accidental and criminal conduct. *Commonwealth v. May*, 451 Pa. 31, 301 A. 2d 368 (1973) (arson murder); *Commonwealth v. Leslie*, 424 Pa. 331, 227 A. 2d 900 (1967); *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435 (1956); *Commonwealth v. Krzesniak*, 180 Pa. Superior Ct. 560, 119 A. 2d 617 (1956).

These principles have been applied in cases involving many types of crimes. *See: Commonwealth v. Gomino*, 200 Pa. Superior Ct. 160, 188 A. 2d 784 (1963) (sale of morphine); *Commonwealth v. Bufalini*, 200 Pa. Superior Ct. 85, 186 A. 2d 645 (1962) (illegal lottery); *Commonwealth v. Lewis*, 190 Pa. Superior Ct. 591, 155 A. 2d 410 (1959) (burglary, larceny, receiving stolen goods); *Commonwealth v. Thomas*, 189 Pa. Superior Ct. 25, 149 A. 2d 165 (1959) (burlary, larceny); *Commonwealth v. DeWan*, 181 Pa. Superior Ct. 203, 124 A. 2d 139 (1956) (loitering, prowling); *Commonwealth v. Ricci*, 177 Pa. Superior Ct. 556, 112 A. 2d 656 (1955) (bribery, conspiracy); *Commonwealth v. Dolph*, 164 Pa. Superior Ct. 415, 65 A. 2d 253 (1949) (adultery); *Commonwealth v. Ferguson*, 162 Pa. Superior Ct. 199, 56 A. 2d 360 (1948) (larceny of chickens); *Commonwealth v. Chuing*, 150 Pa. Superior Ct. 445, 28 A. 2d 710 (1942) (sale of opium); *Commonwealth v. Amato*, 148 Pa. Superior Ct. 151, 24 A. 2d 681 (1942) (burglary); and *Commonwealth v. Exler*, 61 Pa. Superior Ct. 423 (1915) (statutory rape, felony murder).

We note that a distinction may be drawn between the present case and the cited cases. The present case involves an injury to the body of a person still alive; the cited cases involve either homicides, crimes against property, or so-called "victimless" crimes (*e.g.*, lottery, adultery). This distinction, however, is factual only

and does not affect the application of the principles for which the cited cases stand.

Statutory rape, is defined as follows:

"Whoever, being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) years with her consent, is guilty of statutory rape.

. . .

"Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication." Act of June 24, 1939, P. L. 872, §721, as amended by the Act of May 12, 1966, P. L. 84, §1, Special Sess. No. 3, 18 P.S. §4721(b).

"Carnal knowledge", shall be deemed complete upon proof of penetration only. Act of June 24, 1939, P. L. 872, §103, 18 P.S. §4103.

Thus the corpus delicti for statutory rape consists of two elements: a victim under the age of 16; and penetration. The chastity of the victim, consent, and the age of the accused, although relevant on the issue of guilt, are not relevant to the corpus delicti as such because they are not necessary to show that an injury occurred in a manner consistent with criminality.

The victim here is under 16; no one disputes that her vagina was injured; and expert testimony for the prosecution established that the injury could only have occurred by the entry of some object into the vagina. The only dispute is what the object was.

The doctor who examined the victim shortly after the incident testified that the injury was caused by something larger and slightly longer than the vagina being forcibly placed into it. He testified that the injury could have been caused by an erect male penis,

and that it was also possible that the victim could have fallen onto something standing on the floor. He recalled that the victim had told him that she had hurt herself "by falling". He pointed out, however, that whatever caused her injury would have had blood on it.

The victim's mother testified that when she came home she found the victim in bed bleeding. She further testified that appellant told her that the victim had fallen and hurt herself on the edge of the bed, later that she had fallen on a musical instrument and still later that she had fallen on a pull toy. On cross-examination she testified that the victim told her she fell and hurt herself, and also was quite friendly with appellant when they later visited him in a hospital.

Two police officers testified that they had found no toy with blood on it in the apartment. No one offered any explanation as to how such a toy could have disappeared.

What object caused the injury cannot be determined from this evidence, but there is nothing inconsistent with the possibility that it was a penis. Further, appellant's contradictory statements as to what had happened, the failure to find any blood-stained toy, and the lack of explanation as to how such a toy could have disappeared, are all consistent with the explanation that the object was a penis.

The victim's explanations, all admitted through hearsay testimony, are of virtually no probative value. The fact that she was favorably disposed toward appellant after the injury could mean that appellant had never hurt her, or that she was fond enough of him to forgive him if he had.

Thus we conclude that there was sufficient evidence produced before the admission of the confession to establish the corpus delicti of statutory rape. The Commonwealth had proved that there had been an injury to

a girl under the age of 16, and that the injury was consistent with penetration.

Appellant's final argument is that the evidence was insufficent to sustain his conviction. "The rule is well settled that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in a light most favorable to the Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom. [Citation omitted.]" *Commonwealth v. Johnston,* 438 Pa. 485, 488, 263 A. 2d 376 (1970). When appellant's confession is included in the evidence, there can be no doubt that the evidence was sufficient to sustain the conviction.

The judgment is affirmed.