Anderson Appeal.

440

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Before HARRIS, J.

*Michael L. Levy,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY WATKINS, J., December 11, 1973:

This is an appeal from an order by the Family Court Division, Court of Common Pleas of Philadelphia, adjudging the defendant-appellant, Marlon Anderson, a minor, a delinquent and committing him to the Youth Development Center at Cornwells Heights.

This case involves the interpretation of the Juvenile Act of 1972, December 6, P. L. 1464, 11 P.S. 50-310 pp.

The defendant-minor was a member of a street gang in Philadelphia. While shooting at another gang using a sawed-off shotgun, an adult member of the gang accidentally shot and seriously wounded an innocent passerby who happened to get in the line of fire. The defendant had carried the gun for the adult and handed it to him immediately before he shot the victim. Police heard the shots, came upon the scene and apprehended the defendant after a chase.

The defendant was taken to the police station for "booking" at 9 p.m. He was given *Miranda* warnings and gave only an exculpatory statement. At about 9:30 to 10:00 p.m., he was again questioned by police who were trying to learn the identity of the adult who did the actual shooting. The questioning lasted about fifteen minutes after which he confessed. At 11:00 p.m. he was again questioned about the event and then taken to the juvenile detention center. *Miranda* warnings had been provided him before he was questioned so that is not in issue. At his hearing, the defendant's confession was used against him and he was adjudged a delinquent and committed.

The issue on appeal is whether a two-hour delay between the time of arrest and the arrival at the detention center was an unreasonable delay in contravention of Section 13(a)(3) of the Juvenile Act.

Section 13(a)(3) states that the police shall take a juvenile to a commitment center "with all reasonable speed" after he is arrested and booked. The section does not forbid questioning the juvenile about the connection with the crime, but it is designed to forbid "forced confessions" induced by harassment. A two to two and one-half hour delay might be unreasonable under some circumstances. These cases normally stand on their own peculiar facts. However, in this case, the police had a legitimate reason in detaining the defendant in the station house so that the defendant might identify other perpetrators of this crime when they were brought in. There was no evidence of any undue police harassment in this case. See *Commonwealth v. Koch*, 446 Pa. 469, 288 A. 2d 791 (1972).

The court below held in an able opinion:

"It is readily acknowledged by this court that any confession or other incriminating statement that is not obtained in conformance with the constitutional principles of due process, must assuredly be declared inadmissible and, therefore, suppressed. However, it is the opinion of this court that the provisions of the new Juvenile Act relied upon by the defense in arguing the inadmissibility of the confession, are not a separate and supplementary set of guidelines to be followed by the court in seeing to it that justice prevails in the instance of juveniles. Rather, they represent a codification of those standards of justice and fairness, and guarantees of fundamental rights based upon pertinent constitutional principles of due process, which, already, have been enunciated in existing case law.

"In determining the admissibility of defendant's statement, it is necessary to first narrow the scope of

inquiry by asking: (1) whether there is any reasonable connection between the delay and the challenged statement, and (2) whether two and a half hours is an 'unnecessary' or 'unreasonable' delay. Both must be answered in the negative."

The court below then discussed the reasoning of the Supreme Court in *Commonwealth v. Futch*, 447 Pa. 389, 290 A. 2d 417 (1972) ; and *Commonwealth v. Tingle*, 451 Pa. 241, 301 A. 2d 701 (1973), and distinguished the facts of those cases with the circumstances of this case and then found: "Clearly, then, based upon the import of the aforementioned authorities, this court is compelled to reach the conclusion that the delay of two and a half hours cannot be considered an unreasonable or unnecessary delay."

The defendant further contends that there was not sufficient evidence to have him adjudged a delinquent. Section 21(b) states that a confession alone is not enough to support such an adjudication unless there is corroborating evidence.

At the hearing, the victim testified that he was walking down the street and he heard footsteps behind him, then heard the shot and then fell to the ground. He then heard footsteps running away. He was unable to identify any of the people involved. It was also testified that the defendant fled and was apprehended by the police. By this testimony the corpus delicti was established and provided a basis for the admission.

"The corpus delicti must first be established before extra-judicial confessions or admissions connecting the accused with the crime are admissible into the evidence." *Commonwealth v. Burns*, 409 Pa. 619, 626, 187 A. 2d 552, 556 (1963). The corpus delicti like other facts may be shown by circumstantial evidence. *Commonwealth v. Burns*, supra.

The defendant, however, contends that Paragraph 21(b) of the Act requires that more than corpus delicti need be established before the juvenile confession can

be admitted, the purpose of the Act being to protect juveniles. He claims that other corroborating evidence connecting him with the crime need be presented before a confession is admissible.

The court below took the logical position that the new juvenile law merely codified certain legal principles into juvenile proceedings so that these principles, including proof of the corpus delicti, apply equally to juvenile and adult proceedings. We agree.

The defendant's view goes much too far in that if such an interpretation were adopted, the Commonwealth would have to prove: (1) corpus delicti; (2) corroborating evidence involving the defendant in the crime; (3) the confession. The first two requirements would alone support an adjudication of delinquency and juvenile confessions would be meaningless.

As the court below said: "As stated earlier in this opinion, the provision in question of the new Juvenile Act, interpreted as a mere codification of existing law, and going no farther than existing law, is reasonable and just to the juvenile, as it provides the same cautionary measures and due process in the use of confessions at trial, as is afforded an adult accused of criminal activity. If the language as used in Section 21(b) of the Act was intended by the Legislature to increase or otherwise change the quality or quantity of corroborating evidence required by existing law, the kind and amount of such evidence would have been explicitly specified."

Order affirmed.

———

Dissenting Opinion by Spaeth, J.:

I cannot agree with either of the conclusions reached by the majority in interpreting two sections of the Juvenile Act, December 6, 1972, P. L. 1464, §1 et seq., 11 P.S. §§50-101 to 103, 50-201, 50-301 to 335 (Supp. 1973).

Section 13(a) of the Act, 11 P.S. 50-310(a), states in part:

"(a)   A person taking a child into custody, with all reasonable speed and without first taking the child elsewhere, shall: . . . .

"(3)   Bring the child before the court or deliver him to a detention or shelter care facility designated by the court . . . ."

The majority has concluded that a two-hour delay between the time of appellant's arrest and the time he arrived at a detention center was not an unreasonable delay in contravention of §13(a)(3).   It relies on cases such as *Commonwealth v. Futch*, 447 Pa. 389, 290 A. 2d 417 (1972), applying Pa. R. Crim. P. 118 which requires that a defendant arrested without a warrant be taken "without unnecessary delay" before a magistrate.   While it might be argued that the General Assembly, either by employing different language or simply as a matter of policy, did not intend the adult standard or cases involving adults to be used in interpreting and applying the Juvenile Act, it is unnecessary to go that far.   Appellant, after his arrest, was taken to the North Central Division Police Station.   There is no indication that the police station is a "detention or shelter care facility" "designated or operated by the court and approved by the Department of Public Welfare" as a proper facility for the detention of juveniles. §14(a) (4), 11 P.S. 50-311(a)(4).   The police station would probably be better classified as a "jail or other facility for the detention of adult offenders or persons charged with crime", facilities where juveniles may not generally be detained. §14(b), 11 P.S. §50-311(b).   Since appellant was first taken to a place other than a court or a detention facility, §13(a)(3) of the Juvenile Act was violated and appellant's confession, having been "obtained in the course of a violation of this act", should have been suppressed.   §21(b), 11 P.S. §50-318 (b).

Section 21(b) of the Juvenile Act, 11 P.S. §50-318 (b), reads in part as follows: "A confession validly made by a child out of court at a time when the child is under eighteen years of age shall be insufficient to support an adjudication of delinquency unless it is corroborated by other evidence." Section 21(b) does not indicate the nature or quantum of evidence required to corroborate a juvenile's confession. The majority argues that it merely codifies the corpus delicti rule, making it applicable to juvenile cases. To establish a corpus delicti, the Commonwealth must show that a loss or injury has occurred and that someone's criminality was its source. *Commonwealth v. Rhoads,* 225 Pa. Superior Ct. 208, 310 A. 2d 406 (1973). While proof of the elements of a corpus delicti does corroborate a confession to a degree, §21(b) makes no sense unless it is read to require more, *i.e.,* independent evidence tending to connect the defendant with the crime. By limiting the corroboration requirement to confessions obtained from those under eighteen, the General Assembly, it would seem clear, was seeking to provide for the younger people covered by the Act protection beyond that provided by the corpus delicti rule.

In addition to protecting young people under eighteen, the Juvenile Act extends to individuals "under the age of twenty-one years who committed an act of delinquency before reaching the age of eighteen years". §2(1), 11 P.S. §50-102. Under the majority's view, anyone in this category who confessed after the age of eighteen would not receive the benefits of the corpus delicti rule since §21(b) is specifically limited to confessions obtained from those under eighteen. Thus, the protection of the corpus delicti rule would extend to juveniles who confess prior to age eighteen and to all persons tried as adults, but not to those who confess after age eighteen and are tried as juveniles. There is no reason to suspect that the General Assembly intended

so unreasonable a result. *See* 1 Pa. S. §1922 (1973) (absurd, unreasonable results not intended by the General Assembly); 1 Pa. S. §1928 (1973) (statutes are to be liberally construed to promote justice). In performing the function of statutory construction, the many consequences of a particular interpretation should be considered. 1 Pa. S. §1921(c)(6) (1973). Given the consequences of the majority's interpretation of §21(b), it seems clear that §21(b) should be read to require more than proof of a corpus delicti where a confession comes from a juvenile under eighteen, thereby preserving the possibility that the rule will be applied to confessions coming from juveniles over eighteen.

In fact, §21(b) is addressed to the sufficiency of the evidence in support of an adjudication of delinquency, whereas the corpus delicti rule governs the admissibility of a confession, *i.e.*, a confession may not be admitted into evidence until a corpus delicti is proved. *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A. 2d 401, 404 (1940). The Juvenile Act is silent on the rules of evidence to be applied in cases coming under it; there is an indication that traditional rules are to apply with some relaxation after an adjudication on the merits has been made. §23(d), 11 P.S. §50-320. If the traditional rules of evidence apply, all juveniles would receive the benefits of the corpus delicti rule as a matter of course. If the benefits of the rule are otherwise assured to juveniles under eighteen, then it is inescapable that §21 (b) requires more than proof of the elements of a corpus delicti. To hold otherwise would violate the maxim of statutory construction that "[e]very statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa. S. §1921(a) (1973).

I would reverse.