**Commonwealth v. Polzer**

*Patrick J. Toole, Jr.,* District Attorney, and *Robert J. Gillespie, Jr.,* Assistant District Attorney, for Commonwealth.

*Peter J. Webby,* Assistant Public Defender, for defendant.

Before: Brominski, P. J., Bigelow, J., Hourigan, J., Olszewski, J., Podcasy, J., and Dalessandro, J.

PODCASY, J., May 10, 1974.—Defendant, Karl Polzer, was found guilty of receiving stolen property, fiz., a tom-tom drum, at a trial without a jury before Podcasy, J. The testimony of the arresting and prosecuting officers was that on August 28, 1973, in pursuance of a search warrant for musical instruments stolen from Wallace Music Store, Wilkes-Barre, Pa., they discovered the drum at defendant's apartment; and that upon being given his constitutional rights, defendant was taken to the Wilkes-Barre police station for processing and then to Magistrate Walter Ruskoski's office in Hanover Township for arraignment.

On the way to the latter office, it is the testimony of the police officer that defendant stated that "if we

would get him bail he would recover the rest of the stolen instruments."

Defendant filed motions for a new trial and/or in arrest of judgment based on the following contentions:

"(1) At the time of arrest, all of the elements for the crime of receiving stolen goods were not present, namely, the Commonwealth could not show that defendant knew the item was stolen . . . .

"(2) The testimony at trial was that the officer gave defendant his constitutional rights (Miranda warnings) and stated that defendant made no comment. Defendant feels that the waiver was then defective and any alleged statements made subsequent (sic) by defendant is (sic) admissible."

We will first take up the latter contention. Was defendant deprived of his constitutional rights by not being warned of his right to remain silent and his right to have a lawyer as required by Miranda v. Arizona, 384 U. S. 436 (1966)? Defendant contends that while he was given these warnings by the police at the time of his arrest, they were ineffective and of no consequence because he failed to convey to the police his knowledge or understanding of the said rights.

On cross-examination by defense counsel, Detective John Bielecki, of the Wilkes-Barre Police, testified that it was he who gave defendant his rights and that "as I was reading his rights, I recall Mr. Polzer stating that he knew his rights. Like this was old-hand(sic) for him."

It is now basic law that "whenever an individual is questioned while in custody or while the object of an investigation of which he is the focus, before any questioning begins the individual must be given the warnings established in Miranda." See Commonwealth v. Jefferson, 423 Pa. 541 (1967); Commonwealth v. Bar-

clay, 212 Pa. Superior Ct. 25 (1968); and Windsor v. United States, 389 F. 2d 530, 534 (5th Cir., 1968).

When a challenge is made as to the validity of an apparently valid waiver, the burden is on defendant "in any subsequent attack on the conviction to establish by a preponderance of the evidence that his acquiescence was not sufficiently understanding and intelligent to constitute an effective waiver": Commonwealth ex rel. Mullins v. Maroney, 428 Pa. 195, 199 (1968).

On this score, defendant in testifying on his own behalf stated that his rights were read to him and that he made no statement at all after same were read. He offered no testimony that he did not fully understand the warnings that were recited to him and that, therefore, he could not have made a "knowing and intelligent" waiver of his right to have counsel. He cited no limited education, limited mental capacity or emotional problems at the time of his arrest. He failed to move for a suppression hearing to bring this objection to light, and so it comes too late. Nevertheless, the record in this case is conclusive that defendant failed to establish by a preponderance of the evidence that he was not fully apprised and cognizant of his Fifth Amendment rights, but, on the contrary, he impatiently indicated while they were being read that he was fully aware of them.

The record reflects that defendant testified coherently, and we thus conclude that he had been properly advised of his rights with respect to the statement which he later made.

Now as to defendant's claim that, since at the time of his arrest all of the elements of the crime of receiving stolen goods not being present, viz., the Commonwealth's failure to prove that defendant knew that the drum was stolen, the arrest thus was not valid and

proper. The offense of receiving stolen property is proscribed by section 3925 of the Crimes Code of December 6, 1972, P. L. 1068 (No. 334), sec. 1, effective June 6, 1973, which reads as follows:

"A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, . . ."

Thus, to support a charge of receiving stolen goods, the Commonwealth must prove (1) that certain goods were stolen; (2) that defendant received some or all of such goods; and (3) that he received them knowing or having reasonable cause to know the same to be stolen: Commonwealth v. Roth, 169 Pa. Superior Ct. 88 (1951); and Commonwealth v. Lewis, 190 Pa. Superior Ct. 591 (1959).

The first two elements of the crime in question are basically admitted by defendant, but he denies that he received the drum with knowledge that it had been stolen. He contends that the record substantiates his position, that at the time of the arrest the officers were unaware that this element was present, yet they still insisted upon placing him under arrest. Defendant's guilt, in this respect, was, however, established and spelled out when he stated to the police officers on the way to being processed that if they would help him to provide bail *he would recover the rest of the stolen instruments.* This statement was tantamount to a confession when considered with all the other circumstances.

In deciding whether defendant's said statement was admissible to prove that he had reasonable cause to know that the drum in his possession was stolen, the rule to be applied is as follows:

"[A]n extra judicial admission or confession of one accused of a crime cannot be received in evidence

unless and until the corpus delicti of the crime has first been established by independent proof, and . . . failure to comply with this prerequisite will exclude the admission or confession . . . The grounds on which the rule rests are the hasty and unguarded character whieh is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed": Commonwealth v. Turza, 340 Pa. 128, 133-4 (1940).

The Commonwealth has complied with this rule if it proves beyond a reasonable doubt that some injury or loss has occurred in a manner consistent with the commission of a crime by someone. Upon such proof, defendant's statement or admission becomes admissible to prove that he was the someone, and that the injury was the result of criminal and not accidental conduct. Commonwealth v. Rhoads, 225 Pa. Superior Ct. 208, 217, 310 A. 2d 406 (1973).

In the present case, when the Commonwealth proved that the stolen drum was in the possession of defendant, it established, at least prima facie, that defendant had committed the crime of receiving stolen property. Defendant's statement thereupon became admissible, thus making this case inappropriate to that of Commonwealth v. Owens, 441 Pa. 318 (1970), in that here, the third element of the crime, viz., that defendant received the drum knowing, or having reasonable cause to know, the same to be stolen, has been established by the inference that defendant would help the police recover "the rest of the stolen instruments."

Defendant's argument that the evidence was insufficient to sustain his conviction is untenable. The rule is well settled that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in a light most favorable to the

Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom: Commonwealth v. Johnston, 438 Pa. 485, 488 (1970); and Commonwealth v. Rhoads, supra.

When defendant's statement to the police regarding bail, etc., is included in the evidence, there can be no doubt that the evidence was sufficient to sustain the conviction.

Accordingly we enter the following

## ORDER

Defendant's motions for new trial and/or in arrest of judgment are hereby denied. Defendant is ordered to appear before the court for sentencing on Wednesday, May 22, 1974, at 1:30 p.m.

Patrick J. Toole, Jr., Esq., District Attorney, and Robert J. Gillespie, Jr., Esq., Assistant District Attorney, for the Commonwealth.

Peter J. Webby, Esq., Assistant Public Defender, for the Defendant.