399 A.2d 731

**In the Interest of Michael WHITE, a minor.**

**Appeal of Michael WHITE, a minor.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Decided March 9, 1979.

Petition for Allowance of Appeal Granted Aug. 6, 1979.

---

Cynthia M. Weaver, Assistant Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, for Com., appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

This case should be read in conjunction with *In Interest of Schirner*, 264 Pa.Super. 185, 399 A.2d 728 (1979), where the facts are stated. Appellant Michael White also contends that his statements obtained while he was in custody at the Bristol Township police station should have been suppressed. However, we find that the statements were properly admitted, and therefore affirm the adjudication of delinquency.

White was brought into custody by his father and immediately confessed to delinquent acts, namely numerous burglaries. The questioning terminated about an hour after he was in custody. This temporary detention for the purpose of determining whether White should be detained under the Juvenile Act, 11 P.S. § 50–309, is authorized by Section 310(a)(3) of the Act, and is well within the time

allowed for questioning in *In Interest of Anderson*, 227 Pa.Super. 439, 313 A.2d 260 (1973). After the police finished questioning White, he was placed in a detention cell overnight. There is no question that this violated the Juvenile Act, because a police station is an inappropriate place for the detention of delinquents. 11 P.S. § 50–311(a); *Commonwealth v. Bey*, 249 Pa.Super. 185, 199, 375 A.2d 1304, 1312 (1977). However, the violation occurred *after* the confession, and thus the statements were not obtained "in the course of" the violation, 11 P.S. § 50–318. *Cf. Commonwealth v. Jones*, 473 Pa. 381, 385, 374 A.2d 970, 972 (1977) (under *Futch* analysis, unlawful delay which *follows* a confession does not affect the admissibility of the confession). Therefore, the court below properly admitted White's statement at his delinquency hearing.

Adjudication of delinquency affirmed.