J-A17042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: V.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: V.P. | : | No. 3310 EDA 2014 |

Appeal from the Order Entered September 22, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-JV-0000157-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 14, 2015**

Appellant, V.P., appeals from the dispositional order entered in the Northampton County Court of Common Pleas, following his adjudication as delinquent based on the offense of indecent assault—complainant less than thirteen years of age.[1]  We affirm.

In its opinion, the juvenile court fully and correctly sets forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE [JUVENILE] COURT ERRED IN ADMITTING
> INTO EVIDENCE ANY STATEMENT OF [APPELLANT] IN

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

[2] We add that the juvenile court denied Appellant's post-dispositional motion on October 31, 2014.  On November 20, 2014, Appellant timely filed a notice of appeal.  The court ordered Appellant on November 25, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

VIOLATION OF THE JUVENILE ACT AND THE *CORPUS DELICTI* RULE.

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable F.P. Kimberly McFadden, we conclude Appellant's issue merits no relief. The juvenile court opinion comprehensively discusses and properly disposes of the question presented. (**See** Juvenile Court Opinion, filed November 3, 2014, at 3) (finding: Victim was three years-old at time of offense; circumstantial evidence supported indecent contact, including that door to bedroom was obstructed, Victim was unclothed below waist, Appellant's pants were pulled down, and upon adult entering bedroom, Appellant immediately jumped up and stated "I'm sorry, I didn't do nothing"; there was sufficient corroboration of offense to admit Appellant's confession; once Appellant's confession was considered, there was sufficient evidence to support his delinquency adjudication for indecent assault). The record supports the juvenile court's decision; therefore, we see no reason to disturb it. Accordingly, we affirm on the basis of the juvenile court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2015

### IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY,
### PENNSYLVANIA
### JUVENILE DIVISION

IN RE: V.P. : CP-48-JV-157-2014

:

## OPINION OF THE COURT

Presently before the Court is the Post-Dispositional Motion filed by V.P. Following

review of the Motion and brief in support thereof, this matter is now ready for disposition.

## FACTUAL/PROCEDURAL HISTORY

A Petition was filed alleging that V.P. committed the delinquent acts of Aggravated

Indecent Assault of a Child, §3125(b), and Indecent Assault, §3126(a)(7). Prior to the hearing in

this matter, the Aggravated Indecent Assault charge was withdrawn.

On August 18, 2014, a contested hearing was held, at which time Christopher Williams,

the adult stepbrother of V.P., testified that on June 1, 2014, he walked into a second floor

bedroom in his residence and observed V.P. and a 3 year old male, C.W., lying on the floor. N.T.

9/18/14 at 7. Williams noted that normally you can see into the room through a missing panel in

the door, however the opening had been covered. Id. at 6-7. Upon entering the room, Williams

observed that C.W.'s pants and underwear were removed. Id. V.P.'s pants were pulled down,

but he was still wearing boxer shorts. Id. V.P. was laying behind C.W. and they were about six

inches apart. Id. at 7-8. They were playing a video game. Id. at 8. When V.P. noticed that

Williams had entered the room, he jumped up stating "I'm sorry, I didn't do nothing." Id. at 8-9.

Thereafter, Williams reported what he observed to C.W.'s mother, who called the police. Id. at

CW1LWKJV 157 2014 OSO

9.

Detective Miller of the City of Bethlehem Police Department investigated this matter. On June 3, 2014, he attempted to speak with C.W., who was nervous and didn't want to speak with Detective Miller. Id. at 20-21. Detective Miller also spoke with V.P.'s mother, and V.P. Id. at 22. Both V.P. and his mother were advised of the Miranda warnings and signed waiver forms. Id.; Exhibit 1. V.P. stated that he played with C.W.'s penis, smacked his buttock, and inserted his finger into C.W.'s anus. Id. at 24.

At the conclusion of the contested hearing, V.P. was adjudicated on the charge of Indecent Assault, §3125(a)(7). Id. at 39. A dispositional order was entered by the Honorable Craig A. Dally on September 22, 2014. The instant motion was filed on October 1, 2014. Argument was held on October 17, 2014, and a brief on behalf of V.P. was submitted on October 28, 2014.

## DISCUSSION

In his Post-Dispositional Motion, V.P. asserts that his confession was improperly admitted where there was insufficient corroboration by other evidence. The Juvenile Act provides: "[a] confession validly made by a child out of court at a time when the child is under 18 years of age shall be insufficient to support an adjudication of delinquency unless it is corroborated by other evidence. 42 Pa.C.S.A. §6338. However, the corpus delicti may be established by circumstantial evidence. Commonwealth v. Rhoads, 310 A.2d 406, 409 (Pa. Super. 1973).

Here, V.P. was charged with indecent assault. The elements necessary to establish the

2

corpus delicti of this offense are: indecent contact; with a complainant less than 13 years of age. 18 Pa.C.S.A. § 3126(a)(7). It is undisputed that C.W. was three years old at the time of the alleged offense. Furthermore, the indecent contact is supported by the circumstantial evidence presented at the contested hearing: the door to the bedroom was obstructed; C.W. was unclothed below the waist; V.P.'s pants were pulled down; and upon an adult entering the room, V.P. immediately got up and stated, "I'm sorry, I didn't do nothing."

Based on the foregoing, there was sufficient corroboration of the commission of a crime for V.P.'s confession to be admissible. Once V.P.'s confession was considered, there was also sufficient evidence to support the adjudication of delinquency on the charge of indecent assault.

## CONCLUSION

For the above stated reasons, V.P.'s Post-Dispositional Motion is denied. .

3